GUIDRY, Judge.
The above numbered and entitled matter was consolidated for trial in the district court with Ferguson v. Dixie Auto Insurance Co. et al., 353 So.2d 468 (La.App. 3rd Cir. 1977) and Bergeron, Ind., et al. v. Louisiana Department of Highways et al., 353 So.2d 469 (La.App. 3rd Cir. 1977). These cases remain consolidated on appeal and we decide all of these cases today. The facts and law are common to all three cases.
These consolidated cases arise out of an intersectional collision between a Ford and a Volkswagen which claimed the lives of the three occupants of the Volkswagen and caused physical injury to Marc Bergeron, a guest passenger in the Ford automobile. Dixie Auto Insurance Co. and Early American Insurance Co., the insurers of the negligent driver of the Ford settled the three wrongful death claims which were filed in these suits and now, as assignees of these claims, seek contribution from the State of Louisiana, through the Department of Highways.
The sole issue presented in this appeal is whether the Department of Highways was guilty of negligence in allowing grass and weeds to obscure the intersection.
The trial judge found no negligence on the part of the Department of Highways concluding that, although there was a minimal obscurement of vision as to the lower part of vehicles traveling on the favored highway as a driver approached the intersection on the unfavored road, when the driver on the unfavored street reached the stop sign he was afforded almost unlimited vision down the main highway. Accordingly, the trial court concluded that the sole proximate cause of the accident was the negligence of Judy Bergeron, driver of the Ford automobile, in failing to obey a stop sign and overhanging flasher signal and recklessly driving her vehicle directly in the path of oncoming traffic. We affirm these conclusions of the trial court finding a reasonable factual basis in the record to support same. Canter v. Koehring, 283 So.2d 716 (La.1973). The judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.