GUIDRY, Judge..
The above numbered and entitled matter was consolidated for trial in the district court and on appeal with Robinson and Menier v. Louisiana Department of Highways et ah, 353 So.2d 467 (La.App.3rd Cir. 1977), our docket number 6219, and Ferguson v. Dixie Auto Insurance Co. et al., 353 So.2d 468 (La.App.3rd Cir. 1977).
The issues in this appeal concern the (1) liability of the Louisiana Department of Highways and (2) quantum of the general damage award made by the jury for the physical injuries suffered by Marc Berger-on.
For the reasons assigned in the companion case which bears our docket number 6219 we affirm the trial court’s determination that the Louisiana Department of Highways was free from negligence.
The remaining issue concerns the adequacy of the jury’s award of damages to Marc Bergeron, who was a guest passenger in the automobile driven by his mother, Judy Bergeron.
Morris Bergeron, individually and as administrator of the estate of Marc Bergeron has appealed, asking that the jury’s award of $2,500.00 to Marc Bergeron be increased.
At trial, three physicians who had treated Marc testified concerning his injuries. Their testimony may be summarized as follows:
As a result of the automobile accident, Marc, who was then 8 years old, suffered a fracture of the mid shaft of the left femur (thighbone) at approximately the mid thigh, severe lacerations of the lower jaw and mandibular mucosa (covering on the inside of the mouth) exposing the mandibular (jawbone) on the interior surface of the mouth, loosening of several teeth, severe lacerations of the right knee and multiple contusions and abrasions.
Marc was admitted to surgery where a pin was placed across the fractured leg in the tibia for the purpose of instituting traction. The pin was drilled across the bone just below the knee. Also, the laceration on his right knee was treated.
Marc had a cut through and through the mouth (a transverse cut), extending approximately 3V2 inches, which exposed the four lower teeth completely. The four lower teeth could be moved approximately 50° posterior and anterior, but they were stable enough at the time so as to make it unnecessary to suture them to the gums. The cut had to be sewn from both the inside and outside of the mouth. A drain had to be put in place in case of any blood formation after suturing.
After surgery, Marc was taken to his room and placed in traction. During the period of time that he was in traction (approximately 3% weeks), Marc was essentially confined to the bed.
A tube was placed in Marc’s nose to take the air out of his stomach to prevent swelling. It was later observed that Marc had a distended bladder. A tube known as a folding catheter was placed in his bladder by inserting it through the penis. This is a procedure which is especially more painful for a child than an adult. The catheter was left in his bladder approximately 3V2 days.
After the traction apparatus was removed, Marc was given a mild sedative and brought to the operating room where the pin was removed under sterile conditions with a small drill. At this point, Marc was placed into a spica cast which encloses the patient from the waist down the extremity that is injured and down to mid thigh on the opposite normal extremity.
In spite of these serious injuries, it appears that Marc will suffer no permanent disability. At the time of discharge from the hospital, the laceration on Marc’s knee had healed along with the lacerations on his mouth. Two days prior to discharge, Marc had a minimal line at the suture site.
After about 6V2 weeks, the spica cast was removed. X-rays were taken and it appeared that the bone was healing well. At this point, Marc was started on some exercises of the hip, knee and ankle. It was recommended that he get into a swimming pool to begin loosening the leg. Marc was allowed to begin walking on crutches.
*471 Approximately 4V2 months after the fracture, x-rays were again taken, revealing that the bone was completely healed. Measurements were taken of Marc’s leg lengths. They were found to be equal. Marc had no tenderness in the thigh and good motion in his leg. No significant weakness or atrophy were found in Marc’s legs. It was recommended that Marc gradually return to normal activity.
Marc retained a slight limp, but this was thought to be more of a habit which would correct itself in time, than a physical thing. It is felt that Marc’s occasional discomfort after strenuous exercise will pass in time. The scar left by the laceration on Marc’s right leg may possibly enlarge somewhat as he grows older.
Although he was given medication to help alleviate his pain, it cannot be disputed that Marc suffered intense pain and discomfort for which he is entitled to adequate compensation.
We find a manifest abuse of the trial court’s discretion in that the jury’s award of $2,500.00 is clearly inadequate to compensate for Mare’s general damages. In reversing the jury’s award of damages, we must look for guidance to Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1975) and Schexnayder v. Carpenter, 346 So.2d 196 (La.1977). In accordance with Coco, supra, and Schexnayder, supra, we should award the lowest amount which the jury reasonably could have awarded. We find that the lowest amount which could reasonably be awarded based on the evidence in the record is $8,000.00. We will increase the award to that amount.
For the above reasons, the award in favor of Marc Bergeron is amended and increased to $8,000.00. In all other respects, the judgment is affirmed at appellants’ cost.
AMENDED AND AFFIRMED.