MILLER, Judge.
Plaintiff Mrs. Irene Darbonne appeals the jury verdict rejecting her claim for the death of her son on finding the tragic acci *507 dent resulted from her son’s negligence. We affirm.
Appellant limits her assignment of errors to the contention that the trial judge refused to give relevant instructions to the jury. Essentially, appellant contends that the trial judge should have given her requested charges that (1) a tractor is per se a dangerous instrumentality, and (2) that different standards of conduct apply to a trespasser, licensee, or invitee, and these standards should have been detailed.
Bernard Darbonne would have been fourteen years old within eighteen days of the October 16, 1970 accident. He was of average size, strength, and ability for his age. He was driving a 1955 model Minneapolis Moline tractor which according to defendants’ witnesses was in good condition. Appellant’s witnesses indicated that the tractor had no brakes, there was some slack in the steering mechanism, some mechanical difficulty in operating the clutch, and that the difference in the front tires made steering difficult. The evidence preponderated that the tractor was safe to operate both before and after the accident.
Bernard had driven this tractor before and satisfied his defendant step father that he could handle it well. One witness suggested that Bernard had difficulty steering while driving an hour or so before the accident. This was because of the slack in the steering mechanism. This same witness elected to ride on the tractor while Bernard drove on an errand some time before the accident.
The accident occurred when Bernard attempted to drive across a twenty foot wide earthen bridge which crossed an irrigation canal. The roadway leading to the bridge made a 20° to 30° turn to Bernard’s left. Instead of making the turn Bernard drove the tractor into the canal. It overturned and pinned him under the water which caused him to drown.
When the tractor was pulled out of the canal, it was repaired by draining and refilling the oil and replacing the vertical muffler and breathers. The tractor was returned to service and successfully operated without repairs to the steering, brakes, or clutch. The evidence preponderated that the slight difference in the front tires did not affect the steering.
On these facts the trial judge included in his instruction to the jury the following charges:
In Louisiana the law of negligence is based upon the following articles of the Civil Code. Article 2315 provides, “Every act whatever of man that causes damages to another obliges him by whose fault it happens to repair it.” Article 2316 provides, “Every person is responsible for the damages he occasions, not merely by his act, but by his negligence, his imprudence or his want of skill.” The word fault and the word negligence are used in these articles of the Civil Code ... to mean the same thing.
Negligence means simply the failure to do that which a person of ordinary prudence and indulgence would do under the same or similar circumstances, or the doing of that which a person of ordinary prudence and intelligence would not do under the same or similar circumstances. Negligence also is defined as a failure to use ordinary care and ordinary care is that degree of care which the average person would have exercised under the same circumstances as those proved in the case.
There is no fixed standard in law by which it can be arbitrarily said 'in every case what conduct shall be considered reasonable and prudent and which shall constitute ordinary care under any and all circumstances. The Court relegates the determination of such questions to the jury.
* * * * * * Under Louisiana law, a normal child of twelve years of age or over is capable of *508 contributory negligence; however, I instruct you that a child of the age of twelve or over is not required or expected to exercise the degree of care or precaution which would be expected from an adult and by reason of this age is only required to use that degree of care for his own safety which persons of his age, capacity, intelligence and experience reasonably would be expected to use under the same or similar circumstances.

Gentlemen, you are instructed that it is the law of this state that there is an obligation imposed upon an adult owner of any vehicle to be possessed with mature judgment, discretion and experience to carefully supervise the actions of others, particularly teen-age children. You are instructed that the standard of conduct owed by an adult towards a child is stated in the same terms whether the person injured is an infant or an adult. That is, that one must exercise-that degree of care to protect the child from unreasonable risk of harm that a reasonable, ordinarily prudent man would have exercised under like circumstances. However, in applying this test the known characteristics of children must be considered in determining whether an adult has exercised the required degree of care, and our courts have said that these known characteristics required of them to exercise a greater degree of vigilance and care toward children than toward adults.
The trial court was not required to give all fifty-one of appellant’s requested charges or to instruct the jury in a particular manner or form, even though such instructions state correct principals of law. The requests are properly refused when the subject matter is irrelevant or sufficiently covered elsewhere in the charge. Hurst v. Hardware Mutual Casualty Company, 234 So.2d 802 (La.App. 1 Cir. 1970).
Portions of the trial court’s charge sufficiently set forth the duty to protect this fourteen year old from the dangers inherent in operating the tractor. The charges relating to the duty owed to decedent as a licensee is superfluous. There was no suggestion to the jury that decedent was a trespasser. The instructions treated decedent as a licensee and there is no contention that he did not properly belong in that category.
The jury verdict that the sole legal cause of this accident was the negligence of appellant’s son is well documented in the evidence. We affirm the jury verdict on finding its conclusions consistent with and supported by the evidence. Rowe v. Travelers Insurance Company, 253 La. 659, 219 So.2d 486 (1969).
The trial court judgment is affirmed at appellant’s costs.
Affirmed.