363 So.2d 961 (1978)
Paul C. RICHARD, Plaintiff-Appellant,
v.
Emery SONNIER et al., Defendants-Appellees.
No. 6654.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
*962 Domengeaux & Wright by Bennett Boyd Anderson, Jr., Lafayette, for plaintiff-appellant.
Cooper & Sonnier by Paul J. Hebert, Abbeville, for defendants-appellees.
Before WATSON, GUIDRY and FORET, JJ.
WATSON, Judge.
The dispositive issue presented by this appeal is whether there was manifest error in the trial court's conclusion that plaintiff's accident was caused by his own negligence. Plaintiff, Paul C. Richard, has appealed from a trial court judgment dismissing his suit.
Richard, president of Venetian Manufacturing & Sales Corporation, was employed by defendant, Emery Sonnier, president of E. Sonnier 66 Oils, Inc., to install an awning on his business establishment in Abbeville, the Handy Mart. Richard and his brother, an employee of Venetian Manufacturing, arrived at the Handy Mart store at 8:30 A.M. on February 5, 1975. In order to brace the awning, plaintiff entered the attic of the Handy Mart. The store had a suspended ceiling over approximately three quarters of the building and a solid ceiling over the remaining fourth. The awning was installed over that portion of the building which coincided roughly with the solid ceiling. The north end of the awning extended to the place where the solid area terminated and the suspended ceiling began. After installing three braces in the solid area of the attic, Richard attempted to install a fourth brace over the line of demarcation between the solid and suspended ceilings. During this effort Richard fell through the suspended ceiling and injured himself. The accident occurred around 2:30 P.M., after he had been working at the Handy Mart for five to six hours.
Richard had been provided a flashlight by Romain Boudreaux, the store manager, to facilitate his movements in the attic area, which had poor illumination where the fall occurred. Boudreaux testified that he described the suspended ceiling to Richard, and warned him to be careful in that area. Richard testified to the contrary: that Boudreaux informed him the attic was solid where he would be working. Boudreaux and Glen Toups, also a Handy Mart employee, testified that Richard had been inside the store on at least one prior occasion when he could have observed the suspended ceiling. Richard and his brother denied ever having been inside the store and stated that Richard entered the premises from a side entrance where he could not see the suspended ceiling. Richard is totally blind in the left eye; although this fact was never disclosed to defendants or their employees.
In order to ascertain whether the landowner breached a legal duty imposed to protect against a particular risk involved:
". . . the following inquiries must be made: (1) What, if any, duty was owed by the landowner to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk and harm caused, within the scope of protection afforded by the duty breached?" Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 at 410 (La., 1976). *963 The common law classifications of invitee-licensee-trespasser are of little help; the proper test to be applied in determining a landowner's liability under Civil Code Articles 2315 and 2316 is:
". . . whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as trespasser, licensee, or invitee may in light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative.'" Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 at 371 (La., 1976).
We agree with the trial court that, under the facts presented here, defendant owed Richard a duty to discover any unreasonably dangerous condition on the premises and either correct it or warn of its existence. Shelton v. Aetna Casualty & Surety Company, supra. The duty of a landowner is not to insure against the possibility of an accident of his premises but to act reasonably in view of the probability of injury to others. Thus, the landowner is not liable for injury resulting from a condition which should have been observed by an individual with the exercise of reasonable care or which was as obvious to a visitor as to the landowner. The trial court concluded that the landowner's duty was not breached by defendants here.
Considering plaintiff's 25 year experience in installing awnings; his familiarity with attics and suspended ceilings, which are easily observable; his presence inside the Handy Mart several times on the day of the accident; his entrance to the attic on four separate occasions prior to the accident, and Boudreaux's warning and description of the attic area accompanied with the flashlight, we agree that the suspended ceiling area should have been observed and avoided by Richard.
There is no manifest error in the trial court's conclusion that plaintiff's own negligence caused his fall. This finding is reasonably supported by the evidence in the record.[1]
For the foregoing reasons, the judgment appealed from is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] The trial judge also visited and inspected the accident site.