398 So.2d 205 (1981)
John Robert BROUSSARD and Patsy L. Broussard, Individually, Etc., Plaintiffs-Appellants,
v.
PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 8068.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
Writ Granted June 22, 1981.
*206 Lawrence O. Guillory, Lafayette, and Cox & Cox, Terrell Fowler, Lake Charles, for plaintiffs-appellants.
Plauche, Smith, Hebert & Nieset, Andrew L. Plauche, Jr., Lake Charles, for defendants-appellees.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
CUTRER, Judge.
John and Patsy Broussard brought suit to recover damages for injuries sustained by their minor son, Jeremy Shawn, when an aquarium toppled over and fell upon him. Named as defendants are Helman and Ellen Turner, the owners of the aquarium, and their homeowner's insurer, Pennsylvania Millers Mutual Insurance Company. Plaintiffs have appealed from a judgment in favor of the defendants. We affirm.
The principle issue on appeal is whether the trial court erred in its instructions to the jury.
On June 20, 1975, Mrs. Patsy Broussard brought her two small children to the home of her neighbor, Mrs. Helman Turner. Mrs. Turner had agreed to babysit for the children while Mrs. Broussard went to the hospital to visit a friend. Mrs. Broussard's children were Angelique, age 5, and Jeremy Shawn, age 2.
It was nothing unusual for Mrs. Turner to babysit for the Broussard children. On prior occasions, while Mrs. Broussard was working, Mrs. Turner would babysit with the children. She was paid for that service. On the day in question, however, she was babysitting as a favor to Mrs. Broussard without any charge.
Soon after Mrs. Broussard dropped the children off, Mrs. Turner fed the two-year-old Jeremy Shawn. She then placed the child on the floor in front of the television set in the Turner den. The child was seated with his sister, Angelique, and the two Turner children, Shelly, age 8 and Clint, age 4, watching a children's show.
Mrs. Turner then walked to the kitchen door adjacent to the den to pick up some clothes to be washed. After picking up the clothes, she started back into the den on her way to the laundry room. She then saw Jeremy Shawn pull the aquarium over upon himself. The aquarium broke, causing facial lacerations. Mrs. Turner stated that she was away from the child approximately eight to ten seconds before the accident occurred.
The plaintiffs requested the trial court to instruct the jury on the Louisiana law of strict liability under LSA-C.C. art. 2317. Plaintiffs also requested that a charge be given on the law of contributory negligence as it pertains to young children. The trial court refused to give these instructions to the jury.
*207 The trial judge instructed the jury, in detail, on the general law of tort according to LSA-C.C. art. 2315. Also, the court gave special charges on the duty of a person who undertakes control and supervision of a child.
Plaintiffs first contend that the trial court erred in refusing to instruct the jury on the Louisiana law of strict liability under LSA-C.C. art. 2317 and Loescher v. Parr, 324 So.2d 441 (La.1975). In order to apply the principles of Civil Code art. 2317, the plaintiff must prove (a) that the thing which caused the injury was in the care (custody) of the defendant-owner; (b) the defect or vice in the thing; and (c) that the defect caused the injury.
The record reveals that the child simply pulled the aquarium over causing it to fall upon him. There was no evidence introduced to show the existence of a defect or vice in the aquarium or its stand. Since no defect was proven, the law of strict liability does not apply. A trial judge need not instruct a jury about theory of law which has no basis in the evidence. Therefore, the trial judge correctly refused to instruct the jury as to the Louisiana law of strict liability. See: Prejean v. Hanover Insurance Company, 233 So.2d 606 (La.App. 3rd Cir. 1970), writ den., 256 La. 256, 236 So.2d 32 (1970).
The plaintiffs next contend that the trial court erred in not instructing the jury that a very young child cannot be contributorily negligent. Contributory negligence is an affirmative defense which must be pleaded in the answer. The defendants have neither pleaded this defense in their answer nor have they asserted this defense at trial. Therefore, the question of the child's contributory negligence was not at issue. The trial court properly excluded such an instruction as being irrelevant. Smith v. Quality Transport, Inc., 346 So.2d 787 (La.App. 1st Cir. 1977), writ den., 349 So.2d 878 (La.1977); Darbonne v. Southern Farm Bureau Cas. Ins. Co., 300 So.2d 506 (La.App. 3rd Cir. 1974).
Plaintiffs also contend that the trial court erred in not instructing the jury on the doctrine of res ipsa loquitur. We note that the counsel for plaintiffs did not object to the trial judge's failure to give such an instruction. Without such an objection, the plaintiffs waived their right to complain on appeal. Lea v. Baumann Surgical Supplies, Inc., 321 So.2d 844 (La.App. 1st Cir. 1975), writ den., 325 So.2d 279 (La. 1976); LSA-C.C.P. art. 1793. In any event, the doctrine of res ipsa loquitur only applies where there is doubt as to how an accident happened and the accident that did occur is the type that does not usually occur without the want of care on someone's part. In this case, the cause of the accident is fully explained. The child simply pulled the aquarium over upon himself. The court correctly refused to give this instruction. Walker v. Union Mill, Inc., 369 So.2d 1043 (La.1979); King v. King, 253 La. 270, 217 So.2d 395 (1968).
We find no error by the trial court, thus, the judgment shall be affirmed.
For the above and foregoing reasons, the jury verdict in favor of the defendants-appellees is affirmed. All costs are assessed against plaintiffs-appellants.
AFFIRMED.