406 So.2d 574 (1981)
John Robert BROUSSARD and Patsy L. Broussard, Individually, Etc.
v.
PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY, et al.
No. 81-C-1205.
Supreme Court of Louisiana.
November 16, 1981.
Rehearing Denied December 14, 1981.
*575 Terrell D. Fowler, and Rex Townsley, of Cox, Cox & Townsley, Lake Charles, for plaintiff-applicant.
Andrew L. Plauche, Jr., of Plauche & Maselli, Lake Charles, for defendant-respondent.
WATSON, Justice.
The issue here is whether the trial court committed reversible error in failing to instruct the jury on the principles of strict liability enunciated in Loescher v. Parr, 324 So.2d 441 (La.,1975).
Plaintiffs' eighteen month old son, Jeremy Shawn Broussard, sustained personal injuries when an aquarium stand turned over and the five gallon aquarium on top broke. The parents, John Robert and Patsy L. Broussard, brought this suit for damages against the neighboring owners of the aquarium and their homeowner's insurer. Defendants are Helman and Ellen Turner and Pennsylvania Millers Mutual Insurance Company.[1]
A jury decided 11 to 1 that defendants were not guilty of negligence which was a cause in fact of the accidental injury to Jeremy. The Court of Appeal affirmed. Broussard v. Pennsylvania Millers Mutual Ins. Co., 398 So.2d 205 (La.App. 3 Cir. 1981). A writ was granted to review the judgment. 401 So.2d 987 (La.,1981).
The accident occurred while Ellen Turner was babysitting with the Broussard children, Jeremy and his older sister, Angelique. Jeremy, Angelique and the two young Turner children were watching a children's program on television in the den. An unlighted aquarium sat on a stand in a distant corner of the room. Mrs. Turner walked through the adjoining kitchen to pick up some laundry and turned back toward the den to see the aquarium "coming down on top of" Jeremy. (Tr.251) She had been gone only momentarily. The five gallon glass container was sitting on a black metal stand which was described as "excessively strong" for that purpose (Tr.389). The aquarium contained water, fish and about three pounds of gravel. The stand was designed to hold the aquarium at a seated eye level and relied on the weight of the contents to keep the aquarium in place. A ledge about four inches from the floor could have held a second aquarium but it was empty. There was no evidence that the stand or the aquarium itself were in any way defective. Although the Turners had had it between six months and a year, it had never fallen. Jeremy was apparently climbing on it and pulled it down. He had been in the Turner home on a regular basis, but had never exhibited any particular interest in the aquarium. When the glass broke, it severely lacerated him.
The jury was charged that plaintiffs' suit was based on Civil Code art. 2315 and that the key word in that article is fault. Fault was defined as conduct below the standard of care which we might reasonably expect from an ordinarily prudent person under similar circumstances.
Plaintiffs requested that the jury be charged with LSA-C.C. art. 2317 and Loescher v. Parr, supra.[2] The trial court denied the requested charges and stated in denying a motion for new trial that an Article 2317 situation was not presented to *576 the jury. The Court of Appeal affirmed on the ground that there was no evidence introduced to show the existence of a defect or vice in the aquarium or its stand; a trial judge is not required to instruct about a theory of law which has no basis in the evidence.
There was no expert testimony to establish a design defect. Plaintiffs contend that a defect must be presumed from the fact of the accident. It is argued that the toppling of the aquarium stand was "an unusual occurrence" which would not have happened if the item had not been defective. Marquez v. City Stores Co., 371 So.2d 810 at 813 (La.,1979).
Jones v. City of Baton Rouge, 388 So.2d 737 (La.,1980) held that a catch basin cover which gave way beneath a pedestrian was defective because it presented an unusual risk of falling. Hunt v. City Stores, Inc., 387 So.2d 585 (La.,1980) held that an escalator with a propensity for trapping small tennis shoes was defective; the custodian and manufacturer were liable because they were aware of the risk of harm but failed to warn the public. Here, in contrast to Jones and Hunt, there was no evidence that this aquarium stand presented an unexpected risk. Aquarium stands, like most household objects, can pose a hazard to small children. Toddlers are swift and ingenious. See, for example, Carter v. Salter, 351 So.2d 312 at 315 (La.App. 3 Cir. 1977) writ denied 352 So.2d 1045; overruled on other grounds at 395 So.2d 739. Tables and chairs, the usual furniture, can topple when used for climbing. Such incidents are among the normal hazards of childhood. There were no previous falls to provide an inference that this stand presented a risk of injury greater than that of other household accouterments. The fact that the aquarium stand fell was not such an unusual event that it can be said it would not have happened without a defect. A defect cannot be inferred solely from the fact that the accident occurred.
Absent a showing that this aquarium stand had some particular lack of stability, the jury could not have found it to be defective. Considering the totality of the evidence, the trial court's failure to charge the jury on the principles of strict liability is not reversible error.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.
DIXON, C. J., dissents with reasons.
CALOGERO, J., dissents for reasons assigned by DIXON, C. J.
LEMMON, Justice, concurring.
The trial court should have given the requested instruction, since both sides presented some evidence on whether or not the stand was defective. Nevertheless, on this record the jury could not have concluded that the stand was unreasonably unsafe for its intended use, and a verdict for plaintiffs by a properly instructed jury would have to be reversed.
The court of appeal reached the correct result.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
Any five gallon aquarium with fish in it that an eighteen month old child can pull over on himself is unreasonably dangerous and defective. In addition, a baby-sitter who leaves such a child aloneeven momentarily in a room with such a dangerous contraption is guilty of fault as a matter of law.
NOTES
[1] A directed verdict was granted in favor of third party defendants, the vendors of the aquarium and the stand.
[2] Requested charges were as follows:

"(1) A person is responsible not only for the damage occasioned by his own act, but for that which is caused by the act of persons from whom he is answerable, or of the things which he have in his control. Louisiana Civil Code article 2317." (Tr.158)
"(2) Under article 2317 of the Louisiana Civil Code strict liability attaches when a defective thing in one person's custody causes damages to another. The person in whose custody the defective thing is can escape (sic) liability only when the damage is caused by the fault of the victim, by the fault of a third (sic) party or by an irresistible force." (Tr.159)