413 So.2d 241 (1982)
Vera Ann Barcia, wife of/and Alphonse F. BARCIA
v.
The ESTATE OF Morris KEIL and Chubb/Pacific Indemnity Group.
No. 12500.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
*242 James S. Thompson, Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendants-appellees.
Joseph B. Amberg, Jr., Amberg & Crosby, Harahan, for plaintiffs-appellants.
Before GULOTTA, LOBRANO and CIACCIO, JJ.
LOBRANO, Judge.
Vera Ann Barcia and her husband, Alphonse F. Barcia, brought this action against the estate of Morris Keil, and its insurer, Chubb/Pacific Indemnity Group, seeking recovery for injuries sustained by Mrs. Barcia as a result of her falling while descending the concrete stairs leading to the Keil residence. After plaintiffs concluded their case, defendants moved for a directed verdict, which was granted.[1] In his oral reasons the trial judge stated that, although the court was very sympathetic to the alleged injuries of the plaintiff, it could not in its conscience determine by the preponderance of the evidence any negligence on the part of the defendant, or any defects in the design or construction of the stairs giving rise to liability.
The dispositive issue presented by this appeal is whether there was manifest error in the trial court's conclusion that plaintiff failed to prove by a preponderance of the evidence any actionable negligence on the part of defendant or that any defect existed in the design or construction of the stairs.
Vera Ann Barcia was employed by Mr. Morris Keil as a private duty registered nurse. Mr. Keil was confined to bed rest as a result of cancer and required 24 hour nursing care. On the day of the accident, October 17, 1975, plaintiff was working the 11 p. m. to 7 a. m. shift. The record reflects that sometime between 6 and 7 a. m. on that morning while waiting for her replacement appellant decided to take the pillow and blanket she had used during the night to her car which was parked outside the Keil residence. It had been raining that night and was dark and cloudy at the time of the accident. Mrs. Barcia testified that she wanted to get these items in her car before it started to rain again.
The Keil residence like many in New Orleans had concrete stairs leading from the front porch to the sidewalk. The stairs were painted with a vinyl mixture and had a railing on the side opposite from the house. Plaintiff testified that while trying to avoid some water which had accumulated on the top step her right foot slipped out from under her. Specifically she stated: "It was just very slippery and my foot slipped right from under me and I was unable to reach the banister." Further she could not recall whether she was holding the blanket and pillow in one hand or two, and testified that since the railing was obstructed *243 on the approach to the stairway by large columns or posts, it was necessary to take one step before you could reach the banister. As a result of her fall, Mrs. Barcia sustained numerous contusions in the lower back area as well as a lumbrosacral sprain.
Plaintiff asserted actionable negligence on the part of the Keils in failing to properly maintain the stairs. In addition, she alleged defects consisting of using vinyl base paint on the steps, only having one handrail which was partially obstructed by columns, and not having a light directly over the stairway.
In order to determine whether the landowner breached a legal duty to protect against a particular risk, our Supreme Court in Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406 (La.1976) set forth the following guidelines:
"(1) What if any duty was owed by the landowner to the plaintiff?
(2) Was there a breach of this duty?
(3) Was the risk and harm caused, within the scope of the protection afforded by the duty breached?"
Id. at 410.
The duties of the landowner for the purpose of determining liability in negligence actions brought pursuant to Articles 2315 and 2316 of the La. Civil Code are no longer defined in terms of the status of the person entering the land. Cates v. Beauregard, 328 So.2d 367 (La.1976). The proper test is "... whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative." id at 371. Thus in determining the duty owed by defendant to Mrs. Barcia, it is not necessary to classify her as an invitee or licensee, but rather it is appropriate to ascertain this duty by examining the particular facts before us.
The record reflects that Mrs. Barcia was familiar with the stairs since she traveled them prior to the accident while working for the Keils. Her own testimony indicates she was aware that the steps may have been slick because of the rain, thus requiring her to be cautious. Further she testified that at the time of the accident there were no cracks in same, and that the light from the porch did illuminate the stairs. There was no showing that the vinyl base paint, the inclination of the steps or the lack of two railings made the stairway unreasonably dangerous. The duty owed by the Keil's was not to insure against the possibility of an accident on their premises, but to act reasonably in view of the probability of injury. Richard v. Sonnier, 363 So.2d 961 (La.App. 3rd Cir. 1978).
We hold that there is no manifest error in the conclusion reached by the trial court in granting a directed verdict in favor of defendant-appellee. In non-jury cases, the appropriate standard for the trial court's determination of a motion for directed verdict is whether plaintiff has presented sufficient evidence on the case in chief to establish a claim by a preponderance of the evidence. Thomas v. Thom, 408 So.2d 442 (La.App. 1st Cir. 1981). The mere fact that an accident occurred does not necessarily infer that someone was negligent, or that there was a defect in the object utilized. See, Broussard v. Pennsylvania Millers Mutual Insurance Co., 406 So.2d 574 (La.1981); Sanders v. Stutes, 400 So.2d 1159 (La.App. 1st Cir. 1981). As was the trial court, we are sympathetic to the injuries of the plaintiff, but we certainly cannot automatically grant an award because she fell down the stairs.
For the foregoing reasons, the judgment of the lower court is affirmed.
AFFIRMED.
NOTES
[1] Although this matter was a judge trial, the directed verdict statute permits defendant to move for same at the close of plaintiff's case. La.C.C.P. Art. 1810.