475 So.2d 20 (1985)
Howard SPURLOCK, Jr., and Isabelle B. Spurlock on her own behalf and on Behalf of her minor children, Joseph Spurlock and Linda Spurlock
v.
SCHWEGMANN BROS. GIANT SUPERMARKET and XYZ Insurance Company.
No. CA-3126.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 1985.
Rehearing Denied September 27, 1985.
*21 Belhia V. Martin, New Orleans, for plaintiff-appellants Howard Spurlock, Jr., and Isabelle B. Spurlock, on her own behalf and on behalf of her minor children, Joseph Spurlock and Linda Spurlock.
Madison C. Moseley, Blue, Williams & Buckley, Metairie, for defendant-appellee Schwegmann Bros. Giant Supermarket and XYZ Ins. Co.
Before KLEES, BYRNES and LOBRANO, JJ.
KLEES, Judge.
Plaintiffs, as survivors of the deceased, Howard Spurlock, Sr., have appealed from a summary judgment rendered in favor of defendant. It is contended that the trial court erred in granting summary judgment as the record and facts show material issues of fact which are litigable for trial on the merits. We disagree and affirm the summary judgment.
On November 5, 1980, Howard Spurlock, Sr., was purchasing gas for his automobile at the self-service station, owned and operated by defendant, Schwegmann Brothers Giant Supermarkets, located at 1325 Annunciation Street in the City of New Orleans. While Spurlock was pumping gas in the rear of the car, Marcel Carter drove his car into the station and stopped behind Spurlock. Since Carter could not reach the second pump for lack of space, he put the car in neutral, left the engine running, and got out of his car to put air in his tires. After he closed the door to the car, the car moved forward and hit Spurlock pinning him between the two cars. Carter got back in his car and pulled away from Spurlock's car causing Spurlock to fall to the side.
Spurlock was taken to Charity Hospital where he died five days later as a result of complications from his injuries. Spurlock is survived by his widow, Isabelle B. Spurlock, two minor children, Joseph and Linda *22 Spurlock, and a major child, Frank Spurlock. He is also survived by four major children from a previous marriage to Dorothy Thomas Spurlock, Howard Spurlock, Jr., Deborah Ann Spurlock, Hurel Lee Spurlock Northern, and Robert Louis Spurlock.
Isabelle Spurlock, on behalf of herself and the two minor children, and Howard Spurlock, Jr., filed suit against Schwegmann for damages for injuries to and the resultant death of Spurlock. The other survivors intervened in the suit also seeking damages for the death of their father. Schwegmann filed a Motion for Summary Judgment contending there was no genuine issue of material fact concerning its liability. The trial court granted the motion. It is from that judgment that plaintiffs appeal.
Plaintiffs theorize in their action that Schwegmann's agents and employees failed to properly supervise motor vehicles at the gas station, and that Schwegmann failed to warn its customers of the danger of pumping gas at the rear of their cars. Because of the failure to supervise and the failure to warn, they allege that Schwegmann was negligent in causing Spurlock's injuries and death.
In support of the Motion for Summary Judgment, Schwegmann contends the following:
1. that the accident was caused solely and entirely by the negligence of Marcel Carter;
2. that there existed no duty on the part of Schwegmann's to protect Spurlock from the injury he sustained;
3. Schwegmann's did not breach any duty to Spurlock; and
4. the alleged acts and/or omissions of Schwegmann's do not constitute a proximate cause of the injuries suffered by Spurlock.
In opposition to the Motion for Summary Judgment, plaintiffs contend the following:
1. Schwegmann owed a duty to Spurlock to keep the premises in a safe manner by installing barriers between cars at the pumps or establishing car lanes for customers;
2. Schwegmann could foresee that an invitee may be injured where there were no warnings about the danger of leaving a car engine running while pumping gas;
3. there is a substantial issue of fact concerning the liability of Schwegmann in that Schwegmann's employees were present at the scene and had the last clear chance to warn Spurlock of the oncoming car; and
4. Since Schwegmann's gas station was self-service, the duties that the invitees performed were the same as a full-service gas station, therefore invitees were agents of Schwegmann's thus making Schwegmann liable for their agents' negligent acts.
Based upon the foregoing, the question for review is whether the trial court erred in granting Summary Judgment in this instance.
Spurlock was a business invitee on Schwegmann's premises at the time of his injury. Although the determination of liability in negligence actions brought pursuant to Louisiana Civil Code Articles 2315 and 2316 is no longer defined in terms of the status of the person entering the land, we will discuss such status in an effort to define a duty. Barcia v. Estate of Keil, 413 So.2d 241 (La.App. 4th Cir.1982). The proper test in determining the landowner's liability is:
"whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others...." Cates v. Beauregard, 328 So.2d 367 (La.1976); Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976). 413 So.2d at 243.
Even though the law imposes a duty to take reasonable care for the safety of patrons, the storeowner or, as in this case, the gas station owner, is not the insurer of the patron's safety. Butler v. K-Mart Corporation, 432 So.2d 968 (La.App. 4th Cir.1983). A proprietor of a public place *23 has a duty to protect its patrons from injuries caused by third parties when it is within its power to do so. Butler v. K-Mart Corporation, supra; Cooper v. Ruffino, 172 So.2d 717 (La.App. 4th Cir.1965).
Louisiana has for some time employed the duty-risk analysis to determine legal responsibility in tort claims. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984). The Harris, supra, case set forth the pertinent inquiries of duty-risk analysis. These inquiries are:
I. Whether the conduct of which plaintiff complains was a cause-in-fact of the harm;
II. Whether there was a duty on the part of the defendant which was imposed to protect against the risk involved;
III. Whether there was a breach of that duty; and
IV. Damages.
To determine legal cause one must ascertain whether the defendant had a duty to protect the plaintiff from the risk of the injury which he suffered and whether the defendant's breach of that duty was a cause in fact of the injury. A cause in fact exists if negligent conduct is a substantial factor in bringing about the resultant harm. Coleman v. Douglas Public Service, Inc., 423 So.2d 1205 (La.App. 4th Cir. 1982).
Reviewing the facts in the record and applying the above stated rules, we find as a matter of law that Schwegmann's was not liable for appellant's injuries. Nothing in the record raises a genuine issue of material fact on this issue.
Tested by the rules of legal cause, we do not conceive that Schwegmann breached a duty owed to Spurlock under any of the theories put forth by the plaintiffs.
We are not aware of any ordinance, statute or rule of law which requires a gas station owner to erect barriers between cars at the gas pumps or to establish car lanes at the pumps. There is no evidence in the record from which it could be reasonably inferred that the presence of a barrier or car lane would have prevented the happening of the occurrence described in the petition which resulted in the injuries sustained by Spurlock and his ultimate death.
The existence of a car lane at the gas pumps would not have prevented the accident. Even if there was a specified car lane, Marcel Carter would have been in the car lane as he was at the station to obtain gas and the only reason he was not pumping gas at the particular moment was that he could not reach the pumps for lack of space. This contention by plaintiffs is without merit.
The contention that there should be barriers between automobiles at gas pumps is likewise unreasonable and illogical. There is no reason to believe that gas station owners should anticipate that automobiles will be negligently propelled forward, with or without a person in the car, into someone pumping gas at the rear of another car. Schwegmann's has no control in the placement of gas tanks in automobiles such that an occurrence like this will not happen. Additionally, Schwegmann's had no control over Marcel Carter when he chose to leave his car unattended with the engine running and the gears in neutral.
As stated in Schatz v. 7-11, Inc., 128 So.2d 901, 904 (Fla.App.1961),
We are not unmindful of the obvious fact that at times operators lose control over the forward progress and direction of their vehicles either through negligence or as a result of defective mechanisms, which sometimes results in damage or injury to others. In a sense all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. When they happen, the consequences resulting therefrom are matters of chance and speculation. If as a matter of law such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments to *24 which people are invited to enter. Such occurrences fall within the category of unusual or extraordinary, and are therefore unforeseeable in contemplation of the law.
The fact that the car owned by Marcel Carter lunged forward after being stopped is not such an occurrence that is usual. We conceive of the incident as an unusual occurrence and as such is unforeseeable in contemplation of the law. The risk of this injury was simply too remote to come within the scope of Schwegmann's duty to its customers in this situation.
With regard to plaintiff's contention that Schwegmann's employees had the last clear chance to warn Spurlock of the oncoming car, we find no evidence in the record to prove or disprove such fact. The deposition of Marcel Carter mentions that there were two Schwegmann employees in the area but he did not know where they were or what they were doing at the time of the accident. Besides, there was no evidence that even a warning by these employees would have prevented the accident.
Finally, plaintiffs contend that Spurlock and Carter were agents of Schwegmann as the self-service gas station had previously been a full-service station. As such, persons using the station performed the same duties as an employee had done in the past thereby making them an agent of Schwegmann's. Plaintiffs cite no authority for this proposition and we are unaware of any such authority. We therefore find that under the rules of agency and mandate, no agency or mandate relationship existed in this case under these circumstances.
The evidence in the record before us affirmatively establishes no breach of a duty owed by Schwegmann's to plaintiffs as survivors of Spurlock, and the trial judge was correct in holding that Schwegmann was entitled to judgment as a matter of law. The summary judgment appealed from is accordingly affirmed. All costs to be paid by Appellants.
AFFIRMED.