493 So.2d 895 (1986)
Joann BRADFORD, Plaintiff-Appellant,
v.
CONSOLIDATED AMERICAN INSURANCE COMPANY, et al, Defendants-Appellees.
No. 85-978.
Court of Appeal of Louisiana, Third Circuit.
September 3, 1986.
*896 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Richard W. Vidrine, Ville Platte, for defendants-appellees.
Before STOKER, KNOLL and KING, JJ.
STOKER, Judge.
This is a suit for personal injuries which plaintiff alleges she sustained in a fall. Plaintiff appeals the judgment of the trial court dismissing her suit for damages against the defendant, Crompton Johnson. All other defendants settled with the plaintiff prior to the trial on the merits and are not involved in this appeal. We affirm the judgment of the trial court.

FACTS
On November 3, 1983 at approximately 6:30 p.m., the plaintiff alleged that she fell into a ditch on the defendant's property, severely injuring her right ankle and leg. The defendant's property is a former railroad right of way adjacent to Louisiana Highway 13 in the Village of Pine Prairie. The property consists of an open grass field. The ditch runs north and south through the property along its entire 300-foot length. The ditch was approximately three feet wide and two to three feet deep and drained defendant's property as well as that of the adjoining landowners in Pine Prairie.
The plaintiff moved to Pine Prairie with her husband and three daughters three months before the accident. Her residence was located on Ash Street near defendant's property. On the evening of the accident, the plaintiff was very upset because her middle child had been injured in a fight with a schoolmate. She crossed the street to her neighbor's house where she telephoned a nearby pharmacy to inquire about the possibility of obtaining something to calm her nerves. The pharmacy was in walking distance from the plaintiff's home across Highway 13. Plaintiff decided to take a shortcut through defendant's field rather than take the blacktopped roads to the highway. It was while taking this shortcut that plaintiff alleged she sustained a fall with the resulting injuries. Plaintiff claimed that the weeds on the defendant's property were at least four feet high and the ditch was obscured by this growth of weeds. Plaintiff concedes in her brief that the weeds were between knee and waist high. Nevertheless, plaintiff continued across the property and fell into the drainage ditch. After plaintiff collected herself, she continued on to the pharmacy to pick up her medication.
On the following morning plaintiff asked one of her neighbors to take her to the hospital in Mamou because she was in a great deal of pain and her leg was swollen. She was examined at the hospital, her leg was wrapped and treatment was suggested. On November 7, 1983 plaintiff was admitted to the hospital because of the persistent pain in her right leg. Dr. Oscar Rodriquez, who treated plaintiff, diagnosed her condition as deep vein thrombosis, contusion to the knee and ankle, sciatica and calcific bursitis. Plaintiff was put on medication and given crutches to assist her in walking. Plaintiff's pain and weakness in her right leg persisted, necessitating continued treatment. Neurological examinations indicated definite nerve damage to the plaintiff's leg. Her lack of use of that leg and failure to pursue a course of physical therapy have resulted in an atrophied condition of the leg and consequential dependence on her crutches.
The medical evidence confirms that the plaintiff did indeed at some time sustain nerve damage and is in fact disabled as a result.

ACTION OF THE TRIAL COURT
The trial judge was presented with a great deal of conflicting testimony regarding the facts and circumstances surrounding the plaintiff's alleged fall. There is testimony that she fell earlier in the afternoon *897 while attempting to leap across another ditch. There is testimony that the plaintiff said that she knew of the ditch which ran through defendant's field. She tried to jump across it, but misjudged the distance and fell. There is conflicting testimony concerning the height of the grass and weeds on the property, the lighting in the area and visibility of the ditch to passersby. Pictures in evidence indicate that the Village of Pine Prairie is sparsely settled and much of the area consists of open grass fields.
The trial court resolved all of these conflicting accounts in favor of the defendant and held as a matter of law that the defendant was not liable either under LSA-C.C. art. 2315 or 2317. He went further to say that, even if the events occurred as the plaintiff alleged, she was contributorily negligent in her actions and thereby assumed the risk of her injuries. The trial judge stated that under the circumstances comparative negligence would apply; however, because he found no fault on defendant's part, application of comparative considerations was not necessary. In essence, the trial judge found plaintiff to be solely at fault.
The issue presented in this appeal is whether the trial court committed error in finding no liability on the part of the defendant under either LSA-C.C. art. 2315 or 2317. We find that the trial court was correct in holding that there was no liability on the part of the defendant without having to examine the plaintiff's conduct as either contributorily negligent or having assumed the risk of her injuries.

THE DUTY OF THE DEFENDANT AS THE OWNER AND CUSTODIAN OF IMMOVABLE PROPERTY
The court in Farr v. Montgomery Ward and Co., Inc., 430 So.2d 1141, 1143 (La. App. 1st Cir.1983), writ denied, 435 So.2d 429 (La.1983), said:
"The owner, or person having custody, of immovable property has a duty to keep such property in a reasonable safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. Haney v. General Host Corporation, 413 So.2d 624 (La.App. 1st Cir.1982); Boutte v. Pennsylvania Millers Mutual Insurance Company, 386 So.2d 700 (La. App. 3rd Cir.1980); Albritton v. J.C. Penney Company, Inc., 385 So.2d 549 (La.App. 3rd Cir.1980), writ denied 393 So.2d 727 (La.1980). This duty is the same under the strict liability theory of La.C.C. art. 2317 as under the negligent liability theory of La.C.C. art. 2315. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981); Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La.1976). The difference in proof between these theories of liability is that under La.C.C. art. 2315, it must be shown that the owner, or person in custody, either knew or should have known of the risk, whereas under La.C.C. art. 2317, a claimant is relieved of proving the defendant's scienter. Kent v. Gulf States Utilities Company, 418 So.2d 493, 497-498 (La.1982); Buchanan v. Tangipahoa Parish Police Jury, 426 So.2d 720 (La.App. 1st Cir.1983), decided 1983. Under either theory of liability, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the "custody" of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises (breach of the duty); and (3) that the defect in the property was a cause in fact of the resulting injury. In both negligent and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing. Hunt v. City Stores, Inc., 387 So.2d 585, 588 (La.1980). Under either theory of liability, the court must decide if the risk which causes the injury is within the ambit of protection of the duty. Hessifer v. Southern Equipment, Inc., 416 So.2d 368 (La.App. 1st Cir. 1982), writ denied 420 So.2d 982 (La. *898 1982); Entrevia v. Hood, 427 So.2d 1146 (La.1983), (decided 1983).

STRICT LIABILITY
The trial court, after weighing the evidence presented, concluded that the ditch was owned by and in the custody of the defendant and did not present an unreasonable risk of harm to others. He found that the ditch was necessary to the Village of Pine Prairie as a means for drainage of adjacent properties. The testimony of the witnesses was that the ditch was very visible from the highway and surrounding property. These types of ditches were obviously very common in Pine Prairie. Additionally, all of the witnesses including the plaintiff testified that the defendant's property was never used for any purpose such as a play area for neighboring children or as a shortcut to the highway. The plaintiff failed to show that weeds or grass existed on the property of such height as to obscure the ditch from view.
As the court said in Koppie v. Commercial Union Ins. Co., 478 So.2d 179, 181 (La.App. 3d Cir.1985), writ denied, 479 So.2d 922 (La.1985):
"Not every minor imperfection or irregularity will give rise to strict liability. The defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. McKinnie v. Dept. of Transportation and Development, 426 So.2d 344 (La.App. 2nd Cir.1983), Campbell v. Tidwell, 407 So.2d 1359 (La.App. 3rd Cir.1981)."
On the basis of the testimony and evidence presented, we conclude that the trial court was correct in its finding with reference to strict liability. The presence and condition of the ditch was not a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care.

NEGLIGENCE
The trial court relied on the case of Barcia v. Estate of Keil, 413 So.2d 241 (La. App. 4th Cir.1982), in analyzing the defendant's negligence with regard to his property and duty to the plaintiff. The court in Barcia said:
"The duties of the landowner for the purpose of determining liability in negligence actions brought pursuant to Articles 2315 and 2316 of the La.Civil Code are no longer defined in terms of the status of the person entering the land. Cates v. Beauregard, 328 So.2d 367 (La. 1976). The proper test is `... whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative.' id at 371." 413 So.2d at 243.
The evidence presented at trial leads us to agree with the trial court that the defendant maintained his property carefully and on a regular basis. Photographs of the property introduced into evidence show that the grass was not high except in the ditch. The photos were taken by plaintiff's husband several days after the accident. The plaintiff's husband testified that the grass had been cut between the time of the accident and the time that the photographs were taken. The adjacent landowner, L.C. Deshotel, testified that he did cut his property near the ditch after the accident, but only after he heard that someone had been taking pictures.
The ditch area is visible and clearly not a hazardous area. Plaintiff was not following a beaten path, but was making her own way and choosing her own course across an open grass field. Plaintiff should have exercised greater care and caution in attempting to traverse an open field after dark and especially one that she states she was not familiar with. The probability of her injuries as a result of her decision to take a shortcut are remote with regard to the *899 duty of the defendant to protect the plaintiff. The function and utility of the defendant's ditch and his reasonable management of his property militate against finding any duty owed to the plaintiff to protect her from the damages which she sustained. The trial court was correct in finding no negligence on the part of the defendant.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.