SCHOTT, Judge.
These consolidated cases arose out of a collision between a motorcycle operated by Louis J. Marshall, with Mrs. Marshall as a passenger, and an automobile operated by Michael J. O’Connor, owned by Interstate Foundry and Machine Company, and insured for liability by Great American Insurance Companies. The Marshalls sued for personal injuries sustained in the accident and Interstate sued for damage to its automobile. From a judgment in favor of Mrs. Marshall against O’Connor and Great American for $20,000 in general damages and $7,882.65 in special medicals these defendants have taken an appeal. The trial court also awarded a judgment to these defendants on their third-party demand against Marshall for contribution of one-half of the amount awarded to his wife. The Marshalls have answered the appeal, seeking a reversal on Marshall’s liability as . well as an increase in the quantum of damages awarded to Mrs. Marshall.
The accident occurred at about 10:30 in the evening of January 1, 1971, on Camp Street, in the City of New Orleans, between Canal and Common Streets. At this point Camp Street consists of four lanes of traffic and is a one-way street in the direction of Canal Street. The two lanes of Camp Street on each side were occupied by parked vehicles, leaving only the two middle lanes available for moving traffic. O’Connor had been proceeding toward Canal Street in the right of these two lanes and when he was in the middle of the block, as he was about to *1046 change lanes to the left his automobile came into collision with the Marshall’s motorcycle.
In findings of fact and reasons for judgment the trial court found that O’Con-nor turned on his left lane blinker indicating a left turn, and at that point the motorcycle was behind a car in the left lane; there was an automobile ahead of the motorcycle and it passed the automobile on the right side; O’Connor did not see the motorcycle and moved across the line slightly into the left lane whereupon the motorcycle hit the O’Connor automobile with sufficient force to cause a gash in the driver’s door. The trial court concluded that both drivers were guilty of negligence.
There is evidence in the record to support these findings. While Marshall testified that he was in the middle of the left lane of traffic and O’Connor pulled into his path, an independent witness testified that he was in the left lane of traffic behind another automobile, also in the left lane, and he saw O’Connor’s automobile in the right lane ahead of both of these automobiles in the left lane and saw the left turn indicator on the O’Connor automobile working. At that time the motorcycle passed on the right of both his automobile and the automobile ahead of him so that it was passing moving lanes of traffic, when it came into collision with the side of the O’Connor automobile. We fail to see how we can consider a reversal of this case on liability where there is such evidence supporting the trial court’s findings. Furthermore, we find that the testimony of this independent witness convicts Mr. Marshall of a violation of R.S. 32:191.1 (B&C), which prohibits the operator of a motorcycle from overtaking and passing in the same lane occupied by another vehicle and from operating the motorcycle between lanes of traffic or between adjacent lines or rows of vehicles. While it was negligence for O’Connor not to see Marshall approaching, at the same time Marshall’s violation of the statute and his unreasonable conduct in passing the automobiles in the left lane contributed to the accident.
We have concluded that there is no error in the judgment of the trial court on liability, and pass to the other issues raised in the case.
As to Mrs. Marshall’s claim for an increase in the general damages awarded, she contends that she suffered injuries to her lower left leg with vascular damage and scarring which is clearly established in the record, along with herniated disc and severe heart condition or aggravation thereof. If the evidence established that the latter two conditions were caused by the accident her argument would have some validity to the effect that the award was inadequate, but the trial court apparently did not believe that these injuries were related to the accident, and we find no error in this conclusion. At best, the medical testimony is to the effect that there is a possibility, or it is conceivable that these conditions are related to the accident, but there is no medical testimony that these conditions were in fact related to the accident with any degree of probability. Mrs. Marshall made no real complaints about the disc injury until October, 1974, when she first saw an orthopedic surgeon, and her cardiac condition was not a real problem until 1975. We have concluded that the award of $20,000 is adequate and not in any way beyond the discretion of the trial judge.
O’Connor and his insurer have also assigned error to the trial court’s award to Mrs. Marshall of her special medical expenses despite the fact that there was a community existing between the Marshalls and these expenses were all incurred by the community. This contention has merit. The husband is the head and master of the community and has the right to assert the claim for these medical expenses. Charles v. Sewerage & Water Board of New Orleans, 331 So.2d 216 (La.App. 4th Cir. 1976) writ refused, La., 334 So.2d 431, and because of his contributory negligence he is barred from recovering these expenses. Kientz v. Charles Denery, Inc., 17 So.2d 506 (Orleans La.App. 1944) reversed on other grounds 209 La. 144, 24 So.2d 292 (1945). *1047 In answer plaintiff has cited Act 444 of 1976, but we do not find that that act has any applicability to this case even if plaintiff’s argument has any merit as a matter of law. Accordingly, the judgment will be amended to delete the award of $7,882.65.
Accordingly, the judgment appealed from is affirmed but is amended so that there is judgment in favor of Mrs. Norma Marshall and against defendants Michael J. O’Connor and Great American Insurance Companies jointly and in solido in the sum of $20,000 with legal interest from date of judicial demand until paid, and for all costs of these proceedings, and there is judgment in favor of the defendants as third-party plaintiffs against third-party defendant Louis J. Marshall for one-half of the amount for which they are liable to Norma Marshall.
AMENDED AND AFFIRMED.