421 So.2d 440 (1982)
David L. WILKINSON, etc., Plaintiff-Appellant,
v.
HARTFORD ACCIDENT & INDEMNITY CO., et al., Defendants-Appellees.
No. 8006.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
Smith, Ford & Clark, Chris Smith, III, Leesville, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendant-appellee.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
This case was remanded to us for quantum determination. For the procedural history of this case and factual background see: Wilkinson v. Hartford Acc. & Indem. Co., 411 So.2d 22 (La.1982); and 400 So.2d 705 (La.App. 3rd Cir.1981).
Plaintiff's son, David Len Wilkinson, a 12-year old seventh grader at defendants' school, suffered serious lacerations to both arms and right knee on November 8, 1978 when he came in contact with ordinary glass, installed in the gymnasium where he was exercising, shattering the glass panel. He began bleeding profusely whereupon his coach administered first aid. From there he was taken to a hospital for additional treatment.
The youth was treated by Dr. M.L. Jarrell, a surgeon, whose deposition indicates the lacerations were severe and painful, particularly those to the inside right bicep or volar medial aspect of the right elbow. Dr. Jarrell sutured the lacerations and released David to return home.
Thereafter, David was referred to Dr. Terry Cromwell, a plastic surgeon in Lafayette, whose report of March 7, 1980 indicated that surgical revision of the residual scars would improve its appearance 50-70%. *441 Plaintiff has not yet been able, financially, to have the necessary cosmetic surgery performed for his son, thus the youth has lived with the scars the past years.
Plaintiff submits that the following cases are analogous and therefore suggestive of the award to be granted herein.
In Voelker v. Liberty Mutual Ins. Co., 190 So.2d 136 (La.App. 4th Cir.1966) a three-year old child was severely injured when a neighbor's vicious dog attacked the boy, biting and chewing about his face, necessitating immediate surgery by an ophthalmologist and surgeon. The child was left with scars requiring future plastic surgery and the trauma required psychotherapy two or three times a week for one and one-half to two or three years. An award of $15,000 in general damages was affirmed.
Similarly, an award of $20,000 in general damages for vascular injuries and scarring was affirmed in Great American Ins. Co. v. Marshall, 355 So.2d 1044 (La.App. 4th Cir. 1978).
In Villetto v. Weilbacher, 377 So2d 132 (La.App. 4th Cir.1979) an award of $3,000 for pain and suffering to a woman in her late 50's, who had been permanently disfigured by unsightly scars to her leg, was found to be manifestly insufficient. Accordingly, the award was increased to $7,000, presumably the lowest amount which the trial court could have awarded under the circumstances.
In Young v. City of Franklinton, 387 So2d 1390 (La.App. 1st Cir.1980) plaintiff Gatlin suffered second degree burns to 15% of both arms and his face following an explosion and was hospitalized for one month. He had residual scarring and skin discoloration on both arms and his upper back and a loss of pigmentation in his right hand. For his pain, suffering and residual scarring the trial court awarded $8,500.00. The appellate court amended said award, finding the lowest award that should have been made to be $15,000.00.
Doty v. Safeco Ins. Co., 400 So2d 718 (La.App. 3rd Cir.1981) involved a 21-year old youth who had sustained severe lacerations and abrasions to the right side of his face and head, as well as suffering a mild whiplash injury and a fracture of the right zygomatic bone. Shattered glass had pierced his skin and left a grade 4 scar. For these injuries the trial court awarded general damages in the sum of $20,000, the dollar amount of defendant's liability insurance. On appeal, defendant sought a decrease, while plaintiff sought an increase. We affirmed, finding the award to be within the much discretion afforded trial judges.
Plaintiff notes the dates of the respective cases cited and suggests the figures be adjusted accordingly for inflation.
Defendant contends the aforementioned cases are distinguishable and argues the following cases are more analogous. In Johnson v. Orleans Parish School Board, 261 So.2d 699 (La.App. 4th Cir.1972) a thirteen year old girl sustained glass lacerations, as a result of the school's negligence, leaving a crescent shaped scar on the right posterior forearm, four centimeters long, a scar just above the right wrist, three centimeters in length, and a third scar on her left forearm, three centimeters in length and one-half centimeters wide. An award of $1,900 plus medical specials of $800 was found to be within the trial judge's discretion and thus was affirmed.
In Centineo v. Anheuser-Busch, Inc., 276 So.2d 352 (La.App. 4th Cir.1973) plaintiff recovered damages for personal injuries incurred when she was cut by an exploding beer bottle, leaving a two inch raised scar healed with a keloid formation. On appeal her award of $3,800 for pain and suffering was reduced to $2,000.
In Vastola v. Insurance Company of North America, 204 So2d 605 (La.App. 4th Cir.1967) the plaintiff's 15-year old son incurred lacerations to his right forearm, middle finger of his right hand, and right thigh, all of which required suturing. Medical treatment consisted of 19 office visits, 12 of which were for physical therapy. His injuries resulted in a 10% loss of the backward extension of the middle finger on his right hand and two scars on his right thigh, which were generally covered by clothing. *442 The court therein found the trial judge did not abuse his discretion in awarding only $1,750 in general damages.
Sentell v. American Service Mutual Ins. Co., 203 So2d 784 (La.App. 2nd Cir.1967) arose out of a vehicular collision and resulted in two small lacerations to plaintiff's scalp and a broken rib. Recovery was virtually complete with no significant residuals. The trial court's award of $3,500 for pain and suffering was reduced to $1,500.
An award of $2,000 was found to be within the trial court's wide discretion, in view of evidence showing the 13-year old victim had a prominent scar on his arm approximately one and one-half inches long and one-quarter inch wide which caused pain and restriction of activities. Boudoin v. Schwegmann Bros. Giant Supermarket, 371 So.2d 370 (La.App. 4th Cir.1979).
Defendant contends that in determining plaintiff's damages this court must grant the lowest amount which the trial court could have awarded under the circumstances of the case, and in support thereof cites Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977); and Bergeron v. Louisiana Department of Highways, 353 So.2d 469 (La.App. 3rd Cir.1977). The rule of the aforementioned cases applies when an appellate court finds a trial court's award of damages to be manifestly erroneous and proceeds to increase or decrease the award. We find it has no application where, upon remand, this court is required to make the initial assessment of damages due to the Supreme Court's finding of liability where heretofore none was found.
Each personal injury must be evaluated according to its own peculiar facts and circumstances. Profit v. Linn, 346 So2d 253 (La.App. 1st Cir.1977). Realistically, in quantum issues, as in other issues, there must necessarily be a degree of uncertainty in predicting the ultimate result in a given case (as is evidenced by the disparity between cases cited by opposing counsel). Coco v. Winston Industries, Inc., supra. However, we feel that an award of $17,500 plus medical specials would be adequate recovery in view of all the evidence.
According to Dr. Terry A. Cromwell, a plastic surgeon, the youth has been bothered by the lacerations of the right arm and has intermittent pain and numbness in the area of the elbow where he has a deep semi-circular scar. While at school David complains that when he is writing or using his arm for long periods of time the numbness and discomfort in the elbow area cause him to actually have to stop writing and rest the arm.
The scar on the volar medical aspect of the right elbow and ante-cubital fossa was described by Dr. Cromwell as "... quite wide. It appears to be about 2 cm in its widest area and in some places narrowing down to as much as 1 cm. This is a long area of scar, being about 10 to 12 cm vertically, up and down the arm, and about 8 to 10 cm in width. The scar above that is 8 cm long and about 2 cm wide including the suture marks on each side of the scar. The upper laceration must have been quite deep as on palpation the upper end of the scar is right over the brachial artery. Also the patient does have some loss of sensation in the area of the scar although he obviously has sensation to deep pressure and palpation as this area is quite tender to someone grabbing him on the elbow or upper arm area."
Dr. Cromwell defined the scar as Grade III of the upper extremity, being a scar which is easily visible from across the room. However, the scar can be entirely hidden by a long sleeve shirt. Without the long sleeve shirt, Dr. Cromwell would attribute a IV Grade to the scar.
Dr. Cromwell was further of the opinion that appearance of the scar could be improved by excision of the scar and reclosing of the scar. Such an operation would improve the appearance by 50-75%. Thereafter David would have to wear a Jobst elastic sleeve, costing $30.00, for about six months. Dr. Cromwell's fee for said operation would be $1,200 and the patient would require hospitalization for 3 to 5 days at between $300-$400 per day. Additionally post-operative physical therapy may be required.
*443 Finally, Dr. Cromwell was of the opinion that the operation would result in a 50/50 chance of David's hypersensitivity and numbness being improved.
In light of plaintiff's past medical expenses incurred, totalling $400, and Dr. Cromwell's estimate as to the cost of future medical treatment required, approximately $2,660, the plaintiff is hereby awarded $3,060 in special damages[1].
For the reasons set forth above it is ORDERED, ADJUDGED AND DECREED that there be a judgment in favor of plaintiff, David L. Wilkinson, and against Rapides Parish School Board and Hartford Accident & Indemnity Company, in the sum of $3,060.00, together with legal interest from date of judicial demand.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be a judgment in favor of plaintiff David L. Wilkinson, as administrator of the estate of his minor son, David Len Wilkinson, and against defendants Rapides Parish School Board and Hartford Accident and Indemnity Co., in the sum of $17,500.00 together with legal interest from date of judicial demand.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of these proceedings, at trial level and on appeal, are assessed against defendants Rapides Parish School Board and Hartford Accident and Indemnity Company.
RENDERED AS AMENDED.
NOTES
[1] The sum $3,060 is itemized as follows:

$400.00  past treatment 1,200.00  surgical fee 1,400.00  4 days at $350 each average, hospital expense
60.00  2 Jobst Sleeves.