FORET, Judge.
This is an intentional tort action filed by plaintiff, Todd Edmond Moreland, against defendant, Kim Brasseaux, arising out of a fight which occurred outside of a lounge in Abbeville, Louisiana. The issues on appeal are:
(1) Whether Brasseaux acted in self-defense in striking Moreland, and
(2) Whether the trial court abused its discretion in awarding damages.
FACTS
In the early morning hours of September 9, 1981, Todd Edmond Moreland and Eva Brasseaux, wife of Kim Brasseaux, engaged in a conversation in the parking lot of the Starmist Lounge in Abbeville, Louisiana. The two had been speaking to each other that night inside the bar. While out in the parking lot, Moreland hugged and kissed Mrs. Brasseaux. At that very moment, Mr. Brasseaux drove up in his truck. Moments later, defendant struck plaintiff, causing extensive injuries to his left eye. Outside of these aforementioned facts, almost everything else is in dispute.
Plaintiff’s version of the story is that Mrs. Brasseaux requested that he take her to another lounge in Kaplan, Louisiana. He testified that although he heard a vehicle drive up to the parking lot, he did not know that the driver was Mr. Brasseaux. He also stated that he was struck without any warning and never saw Mr. Brasseaux walk up to him and Mrs. Brasseaux.
*1238 Defendant’s version is that he drove up to the lounge and saw his wife being handled and kissed by Moreland. He claims that he saw his wife attempting to push Moreland away. He then shouted, “What do you think you’re doing? ... This is my wife; leave her alone.” Moreland responded, “So what”. Mr. Brasseaux then approached the couple and struck Moreland after he saw Moreland clinching his fist and pulling his arm back in preparation to swing.
Eva Brasseaux testified basically the same as her husband. To rebut her testimony, plaintiff called to the stand one Theodore Schirmer. Schirmer testified that he interviewed Mrs. Brasseaux concerning the incident some four months after it happened and, during that interview, she stated that Moreland made no motions which would indicate that he was preparing to throw a punch. Thus, Mrs. Brasseaux’s version of the story during the interview was inconsistent with what she testified to at trial.
After hearing all of the evidence, the trial court found that the defendant was not acting in self-defense and ruled in favor of the plaintiff. Damages were awarded as follows:
$1,000 for pain and suffering
$10,000 for permanent disability
$4,955.75 for medical expenses
$2,000 for lost wages.
From that judgment, defendant appealed. Plaintiff answered that appeal, seeking greater damages.
In battery cases, the plaintiff has the general burden of proof equivalent to that which any plaintiff has in a tort or damage suit. Knuckles v. Beaugh, 392 So.2d 710 (La.App. 3 Cir.1980). The record shows that the plaintiff was struck by the defendant and that he suffered serious damages. The record further shows that the plaintiff never threw a punch and that a full blown fight never occurred. We feel that the evidence adequately shows that plaintiff has carried his burden of proof.
To justify a battery, the defendant must establish sufficient facts to constitute a provocation or a justification for the battery by a reasonable preponderance of the evidence. Ogden v. Smith, 344 So.2d 1099 (La.App. 3 Cir.1977). To establish a provocation, the defendant must show some conduct or action by the plaintiff sufficient to provoke and arouse the defendant to the point of physical retaliation. Squyres v. Phillips, 285 So.2d 337 (La.App. 3 Cir.1973).
The only evidence presented by the defendant was his testimony and that of his wife. The wife’s testimony was successfully impeached by plaintiff's rebuttal witness, Theodore Schirmer. The remainder of the case turns on the credibility of the plaintiff and the defendant. The trial judge found that defendant did not establish sufficient facts to justify his battery on the plaintiff. A trial judge’s determination of fact will not be reversed absent manifest error. Since we do not find that he was manifestly erroneous in this case, we affirm his decision as to liability.
DAMAGES
We now turn to the question of damages. Plaintiff seeks an increase in both general and special damages, while defendant contends the trial judge gave too great an award for permanent disability. A reviewing court cannot disturb a trial court’s award unless there was a clear abuse of discretion. Then, the appellate court cannot grant an award which it deems appropriate, but must adjust the award by lowering or raising it to the lowest or highest point which is reasonably within the discretion of the trial court. Alexander v. Leger, 423 So.2d 731 (La.App. 3 Cir.1982). Each personal injury case must be evaluated according to its own peculiar facts and circumstances. Wilkinson v. Hartford Accident & Indemnity Co., 421 So.2d 440 (La.App. 3 Cir.1982).
The record shows that the plaintiff suffered extensive injuries to his left eye. Surgery had to be performed to remove an organized blood clot (total blackball hyphe-ma) in the anterior chamber of the left eye. Further complications occurred, and another operation (retinal cryopexy) was per *1239 formed to prevent retinal detachment. Due to these two operations, plaintiff remained bedridden in the hospital for six days, and missed a total of two months’ work. Although the operations appeared to be successful, total visual recovery is uncertain. Also, plaintiff has now become more susceptible to glaucoma and cataracts, and must check the condition of his eyes twice a year.
Under the facts of the case, we find that $1,000 in general damages is too low. Our review of the record shows that the lowest amount the trial court could have reasonably awarded was $5,000, and therefore, amend its award as such.
Furthermore, the record shows that the trial court incorrectly added up the medical expenses. Our calculations show total proper medical expenses to be $5,094.23.
Plaintiff also claims that $250 is due him for expert fees, but there is nothing in the record to substantiate his claim. Thus, that claim is rejected. Dollacker v. Schimek, 411 So.2d 643 (La.App. 4 Cir.1982), writ denied, 413 So.2d 908 (La.1982).
As far as the trial court’s $10,000 award for permanent disability[1] is concerned, we find no abuse of discretion and therefore affirm this portion of the award.
For the reasons assigned, the judgment of the trial court finding defendant liable for personal injuries is affirmed. The quantum judgment of the district court is hereby amended and plaintiff is hereby awarded the sum of $5,000 for general damages. Special damages for medical expenses shall be increased to $5,094.23. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by defendant.
AMENDED AND AFFIRMED.

. Plaintiff contends that he is due $2,445 for future medical costs. We feel that the $10,000 awarded by the trial court for permanent disability is sufficient to cover any future costs for medical expenses.