477 So.2d 900 (1985)
E.B. BUSH
v.
LAFAYETTE INSURANCE COMPANY.
No. CA-3211.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1985.
Writ Denied November 22, 1985.
*902 Michael K. Fitzpatrick, F. Otway Denny, III, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant/appellee.
Earl M.J. Boydell, Jr., New Orleans, for plaintiff/appellant.
Before REDMANN, C.J., and CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Appellant, E.B. Bush, appeals the ruling of the trial court which granted a directed verdict in favor of appellee, Lafayette Insurance Company, in this personal injury jury case. The issues raised for our review are the correctness of the directed verdict, and the trial court's refusal to allow the testimony of the witness identified only as "Bob".
On September 5, 1983 appellant and his co-worker "Bob" were invited to the fishing camp of Mr. Wayne Wellmeier, appellee's insured. Wellmeier, Bob and appellant arrived at the camp in the early afternoon hours, and began preparations for the Labor Day weekend. Appellant and Bob set out crab traps while Wellmeier set up and lit the barbecue pit on the rear porch of the camp. The pit was initially lit about 4:00 p.m. and the three men, along with a lady friend of Bob's played cards, drank beer, and barbecued until about 8:30 or 9:00 p.m. when Wellmeier left. Bob's lady friend left about 20 minutes later, whereupon Bob and appellant added more charcoals to the fire on at least two different occasions with the intention of cooking enough food for the long weekend.
After returning from checking the crab traps around ten that evening, they continued their cooking until approximately 11:30 p.m. when appellant went to sleep on the sofa. At that time, Bob was still awake wrapping the cooked food and placing it in the refrigerator. Bob subsequently went to sleep in one of the many bedrooms located in the camp.
At approximately 3:30 or 4:00 a.m. appellant awakened on fire. Bob rushed to appellant's aid, helped remove his clothing and placed him in the bathtub with cold water. Wellmeier was called shortly thereafter and appellant was rushed to the hospital. The medical evidence shows he suffered severe burns over 30% of his body.
After appellant presented his case, appellee moved for a directed verdict which was granted. The trial court observed:
"The problem I see in the case is what negligence do you have on the owner of the premises, a guy who left there at eight thirty, started a barbecue fire at four thirty, left at eight thirty and didn't come back until after the fire."
Appellant argues the following theory of fault and causation. The homeowner, Wellmeier set up the barbecue pit next to an open window, lit it and left the camp while the barbecue pit was still hot and smouldering. There was a portable window fan located on the inside of the window, with the screens removed. The sofa upon which appellant slept was located adjacent to that window. There being no other explanation for the cause of the fire, appellant argues that the fan must have drawn the hot embers or ashes through the window and onto the sofa.
There were only two fact witnesses who testified at trial, appellant and Wellmeier. Appellant testified he did not know what caused the fire. He did not recall whether the fan was on or off, although he knew the coals were still hot. He did not remember if the protective screen on the window had been removed, although he believes it was. If it was in fact removed he did not know who removed it. He did testify that although the barbecue pit was still burning, the lid was not closed prior to his retiring.
Wellmeier testified that he did not know the cause of the fire. He was not present at the time having left about 8:30 that night. He was not sure whether the screen was on or off the window, nor was he sure whether the fan was on or off. He testified the couch was thrown into the lake, presumably by Bob, and has not been recovered.
*903 There was no investigation by anyone as to the cause of the fire, nor were any opinions given by anyone as to its cause.
Based on this evidence, the trial court granted a directed verdict in favor of appellee. We agree with that decision.
Our code of procedure provides for a directed verdict. La.C.C.Pro. Article 1810. We interpreted such a motion in the case of Roberts v. St. Bernard Parish School Board, 427 So.2d 676 (La.App. 4th Cir. 1983) writ denied 433 So.2d 1053 (La.1983), as follows:
"On motions for directed verdict and for judgment notwithstanding the verdict the court should consider all of the evidencenot just that evidence which supports the non-movers casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury." Id. at pp. 677, 678.
The duty owed by a landowner, or a person having custody of immovable property is to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. Farr v. Montgomery Ward and Co., Inc., 430 So.2d 1141 (La.App. 1st Cir.1983), writ denied 435 So.2d 429 (La.). This duty is the same regardless of whether fault is asserted under a negligence theory, or a strict liability theory as per Article 2317, the difference in the two being the burden of proof. Farr, supra. The victim's status as licensee or invitee is no longer relevant. Cates v. Beauregard, 328 So.2d 367 (La.1976). Rather, the pertinent question to be answered is "whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others...." Cates at 371. The landowner does not insure against the possibility of an accident on the premises, but must act as a reasonable man in view of the probability of injury to others. Barcia v. Estate of Keil, 413 So.2d 241 (La.App. 4th Cir.1982).
Causation may be proved by direct or circumstantial evidence, but must exclude other reasonable hypothesis with a fair amount of certainty. Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395 (1963). As in any civil case, causation must be proved by a preponderance of the evidence. That phrase has been interpreted to mean that the proof, whether direct or circumstantial, when taken as a whole "... shows that the fact or causation sought to be proved is more probable than not." Jordan v. Traveler's Insurance Co., 257 La. 995, 245 So.2d 151 (1971) at 155.
As in most fire related cases, direct evidence of causation is usually lacking. See, Boudreaux v. American Insurance Co., on rehearing, 262 La. 721, 264 So.2d 621 (1972); Lemon v. Fein, 467 So.2d 548 (La. App. 4th Cir.1985), writs den. 472 So.2d 594 (La.1985); Kincade v. Doll, 472 So.2d 60 (La.App. 4th Cir.1985). This case is no different. There is absolutely no direct evidence as to the cause of the fire. There is very little circumstantial evidence.
Applying the above cited guidelines in reviewing the correctness of the directed verdict, we find no error in the trial court's ruling. Appellant's theory of fault and causation is simply not supported by the record. We have considered the evidence in "... the light, and with all reasonable inferences favorable ..." to appellant, and conclude that reasonable men could not arrive at a contrary verdict. A determination of liability should be based on evidence, and a trier of fact may not indulge in mere possibilities. Angelo Pavone *904 v. South Central Bell, 459 So.2d 1223 (La.App. 4th Cir.1984). Appellant's argument is, at best, a mere possibility.
Appellant also argues that the trial court erred in refusing to allow Bob to testify either as a direct or rebuttal witness. The record is clear that during the pendency of these proceedings neither appellant nor appellee knew the whereabouts of Bob or even his last name. On the morning of trial appellant claims that he located Bob's whereabouts and wanted to use him as a witness. Appellee objected since he had not had the opportunity to depose Bob. The trial court gave appellant the option of continuing the trial so Bob could be deposed, or going forward with the trial without Bob's testimony. Clearly, appellant chose the later, and cannot now complain of being unable to use Bob. The trial court has much discretion in these type matters and we find no serious abuse of discretion in this instance.
Since appellee failed to answer this appeal, we will not consider his request for damages for frivolous appeal, or the taxing of costs in the lower court. La.C.C.P. Art. 2133.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal to be paid by appellant.
AFFIRMED.