493 So.2d 209 (1986)
Bertha Bivalacqua Wife of/and Michael BIVALACQUA
v.
Lola AUBE and South Carolina Insurance Company.
No. 86-CA-74.
Court of Appeal of Louisiana, Fifth Circuit.
July 23, 1986.
*210 Pierre F. Gaudin and Pierre F. Gaudin, Jr., Gretna, for plaintiff-appellant.
David M. Cambre, New Orleans, for defendant-appellee.
Before BOWES and WICKER, JJ., and NACCARI, Judge Pro Tem.
WICKER, Judge.
This appeal arises from an action in negligence filed by plaintiffs, Bertha Bivalacqua, wife of and Michael Bivalacqua against defendant, Lola Aube, and her insurer, South Carolina Insurance Company. The plaintiff, Bertha Bivalacqua (Bivalacqua) fell as she walked down the rear steps of a house owned by the defendant, Lola Aube (Aube). After a jury trial Aube was found to be 15% negligent for Bivalacqua's injuries while Bivalacqua was found to be 85% negligent for her own injuries. Bivalacqua was awarded $8,180.00 for medical expenses and $2,000.00 for pain and suffering for a total award of $10,180.00. The award was reduced to $1,527.00 based on the jury finding of 85% comparative negligence on the part of Bivalacqua. The central issues are whether the jury erred in finding Bivalacqua to be 85% negligent and in awarding her $2,000.00 for pain and suffering. Bivalacqua now appeals and we affirm in part and amend in part.
On April 30, 1984 at approximately 7:30 P.M. or 8:00 in the evening Bivalacqua was injured while visiting her son, Herbie Bivalacqua and his girlfriend, Cindy Trosclair (Trosclair), in their home. Her son and his girlfriend rented their home in Marrero, Louisiana from Aube. The rented house had two entrances, a front entrance and a back entrance. On the date of the fall Trosclair and Herbie Bivalacqua were caring for Bivalacqua's two grandchildren, a boy and a girl, while Bivalacqua visited her husband in the hospital. Later that day Trosclair telephoned Bivalacqua and informed her that the boy was ill. Consequently, Bivalacqua went to the home, picked up the child and brought him to the hospital. On that occasion, she entered the house through the front entrance. However, when she returned to pick up the little girl, she used the back stairs since the front entrance was blocked by a scaffold. As she descended the steps in the dark, she fell and injured her right foot, leg and ankle.
Appellant assigns the following errors:
1. That the jury conclusion that she was 85% negligent for her injuries is not supported by the evidence nor is it legally correct, and
2. That the jury's award of $2,000.00 in general damages is manifestly erroneous.
ISSUE # 1: NEGLIGENCE AND APPORTIONMENT OF FAULT UNDER L.S.A.-C.C. ARTICLE 2323.
Bivalacqua contends that the jury erred in finding her to be 85% negligent. We note that the testimony at trial is conflicting. Bivalacqua testified that she was only carrying a vacuum cleaner and her purse as she descended the stairs in tennis shoes. On the other hand, Trosclair, a witness to the accident, related that Bivalacqua carried the vacuum cleaner and a child as she walked down the stairs in "flip flops." She further testified that after falling, Bivalacqua said "these damn shoes." The appellant and appellee also disagree on facts *211 surrounding the lighting. Trosclair contends that when she asked Bivalacqua to wait while she placed a light bulb in the socket so as to provide light for her, Bivalacqua refused. Bivalacqua, however, testified that Trosclair did not make such a request and instead was unsuccessful in turning on the light and remarked, "The damn thing is not working."
Thus, there are issues of factual dispute. The jury's decision of negligence cannot be reversed on appeal if it appears that there was a reasonable factual basis from the record for their findings and that the findings of fact were not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Watson v. State Farm Fire & Casualty Insurance Company, 469 So.2d 967 (La.1985).
The jury concluded that both Aube and Bivalacqua were negligent. They found Aube, the lessor, to be 15% negligent. The trial judge gave a negligence-theory instruction to the jury regarding Aube. The test for determining the liability of a landowner was stated by our brothers in the Fourth Circuit in E.B. Bush v. Lafayette Insurance Company, 477 So.2d 900 (La. App. 4th Cir.1985), writ denied 478 So.2d 910 (La.1985) as follows:
"[t]he duty owed by a landowner, or a person having custody of immovable property is to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. Farr v. Montgomery Ward and Co., Inc., 430 So.2d 1141 (La. App. 1st Cir.1983), writ denied 435 So.2d 429 (La.). This duty is the same regardless of whether fault is asserted under a negligence theory, or a strict liability theory as per Article 2317, the difference in the two being the burden of proof. Farr, supra. The victim's status as licensee or invitee is no longer relevant. Cates v. Beauregard, 328 So.2d 367 (La. 1976). Rather, the pertinent question to be answered is `whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others ...' Cates at 371. The landowner does not insure against the possibility of an accident on the premises, but must act as a reasonable man in view of the probability of injury to others. Barcia v. Estate of Keil, 413 So.2d 241 (La.App. 4th Cir.1982)." Id. 477 So.2d at 903.
Aube testified that while she placed a handrail on the front steps on the rental property, she did not place one on the back stairs. Furthermore, Bivalacqua testified that as she fell she reached for something to break her fall but there was nothing for her to grab onto. Bivalacqua and Trosclair also testified that there was a workman painting the front entrance. There was further testimony from Bivalacqua that the front entrance was blocked by a scaffold. Aube admitted that she had hired a painter.
The jury could have concluded that Aube's failure to install a railing on the back stairs resulted in a dangerous condition which caused Bivalacqua to be injured. "[a] determination of contributory negligence is a factual question." Rollins v. Concordia Parish School Board, 465 So.2d 213, 219 (La.App. 3rd Cir.1985). However, we cannot say that the jury was manifestly erroneous in finding Bivalacqua negligent as well.
The jury apparently gave more weight to Trosclair's testimony regarding the lighting. Trosclair testified that Bivalacqua refused to wait while Trosclair attempted to get a light bulb and Bivalacqua descended darkened stairs. While Bivalacqua and Trosclair disagree on what Bivalacqua was carrying, they both agree that she was carrying a vacuum cleaner. The jury could have concluded that Bivalacqua was negligent for carrying a vacuum cleaner down darkened stairs. Moreover, since the jury concluded that Bivalacqua was 85% negligent, they must have given more weight to Trosclair's testimony regarding the shoes. They must have found that Bivalacqua was wearing the "flip flops" described by Trosclair and that Bivalacqua initially blamed these shoes for the fall.
*212 L.S.A.-C.C. Article 2323 provides that "If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss."
Therefore, the jury had to consider several competing acts of negligence in determining the apportionment of fault. We cannot conclude that their finding that Bivalacqua has greater fault for her injuries than Aube is manifestly erroneous or clearly wrong in light of the testimony presented. Moreover, "factual findings of a jury, particularly those based on evaluations of credibility, should not be reversed on appeal unless clearly wrong." Stevens v. Allstate Insurance Company, 428 So.2d 834, 835 (La.App. 5th Cir.1983), writ denied 434 So.2d 1098 (1983). Furthermore, the apportionment of negligence is a factual determination which should not be disturbed on appeal in the absence of manifest error or clear abuse. Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir.1984).

ISSUE # 2: QUANTUM
Appellant contends that the award of $2,000.00 for general damages was inadequate. In Gagnet v. Zummo, 487 So.2d 721 (La.App. 5th Cir.1986) we enunciated the test to be adopted when determining the adequacy of a damage award as follows:
[i]n determining whether an award of damages is inadequate or excessive we must first inquire whether the jury's award for particular injuries and their effect upon the injured person was a clear abuse of the trier of fact's `much discretion.' On appellate review it is only after an articulated analysis of the facts discloses an abuse of discretion that an award may for stated reasons be considered either excessive or insufficient. Only after making a determination of abuse can an appellate court disturb the award and then only to the extent of lowering it or raising it to the highest (or lowest) point which is reasonably within the discretion afforded that judge or jury. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Bourgeois v. Bill Watson's Investment, Inc., 458 So.2d 167 (La.App. 5th Cir. 1984). Id. at 723; see also Hull v. Schwegmann Brothers Giant Supermarkets, Inc. and XYZ Insurance Company, 480 So.2d 1069 (La.App. 5th Cir. 1985).
Dr. John Schiro, an expert in the field of general surgery, was the only physician to testify at trial. He is Bivalacqua's family physician. Although appellee correctly notes in brief that Dr. Schiro testified that Bivalacqua had no open cut or fracture, it is clear from Dr. Schiro's testimony that she nonetheless required a skin graft operation. He related that he treated her for the injuries she received as a result of her fall down the stairs. On May 7, 1984 he recommended surgery in order to remove dead tissue from the wound on her leg. She consented to the surgery and entered the hospital on May 8, 1984. He described the injury as being "extensive". She underwent surgery under anesthesia and remained hospitalized for approximately ten days. Following surgery she was left with a "large defect" or indentation of approximately one-inch deep and two by four inches in size. On June 12, 1984 she reentered the hospital for a skin graft. Skin was taken from her right thigh and grafted onto the indented area. At the time of trial Bivalacqua still complained of pain. Dr. Schiro related that the pain she complains of is consistent with the type of injury she sustained. He further testified that she would probably have pain intermittently for the rest of her life. He attributes her disability rating to be from one to two percent.
The jury viewed photos of the area from which the skin graft had been taken and *213 from which Dr. Schiro testified may scar. They also viewed a photo of the injury to the leg prior to the skin graft and viewed her leg in its present condition at the time of trial.
After reviewing the evidence and the testimony we find that the jury abused its discretion in awarding a total of $2,000.00 to Bivalacqua in general damages. The facts clearly show, and the jury apparently agreed, that appellant suffered compensable damages caused by the accident. However, $2,000.00 for an injury which required a skin graft operation, two hospitalizations, and which resulted in probable intermittent pain for the rest of her life and a disability of one to two percent is well below the minimum for the injury sustained.
Having determined that the jury abused its discretion, we now turn to a determination of the proper award. Under the circumstances of this case an award of $18,000.00 is the lowest reasonable amount of general damages which the evidence will justify. Compare Villetto v. Weilbaecher, 377 So.2d 132 (La.App. 4th Cir.1979); Rester v. T.L. James Construction Co., 415 So.2d 272 (La.App. 1st Cir.1982); Great American Insurance Companies v. Marshall, 355 So.2d 1044 (La.App. 4th Cir. 1978); Wilkinson v. Hartford Accident and Indemnity Company, 421 So.2d 440 (La.App. 3rd Cir.1982). However, since Bivalacqua was found to be 85% negligent, the award is reduced to $2,700.00.
Accordingly, for the stated reasons, the judgment regarding liability and the apportionment thereof is affirmed. With regard to quantum, the judgment in favor of plaintiffs, Bertha Bivalacqua, wife of and Michael Bivalacqua, and against defendants, Lola Aube and South Carolina Insurance Company, jointly, severally and in solido is amended so as to award $2,700.00 for general damages.
AFFIRMED IN PART AND AMENDED IN PART.