LANIER,, Judge.
This is a suit for damages in tort, pursuant to La.C.C. arts. 2315 and 2317, by a husband and wife, alleging the wife tripped and fell over a defective threshold in a restaurant. The trial court found the defendant liable under negligent and strict liability theories and awarded the husband $25,000 for loss of consortium, and the wife $175,256.20 for her injuries. The defendant took a suspensive appeal. The plaintiffs answered the appeal seeking damages for frivolous appeal.
FACTS
On January 19, 1986, Lola and David Sistler went to the Western Sizzlin[1] Steakhouse in Bogalusa, Washington Parish, Louisiana, to have lunch with Mrs. Sistler’s sister and brother-in-law, Owen and Carmen Davis. The door to the entrance used by the Sistlers was held open by Mr. Sist-ler, and, as Mrs. Sistler entered, she tripped over the threshold and fell forward. The fall resulted in injuries to Mrs. Sistler’s shoulder and hip.
LIABILITY
(Assignments of Error Numbers 1 and 2)
The defendant argues that the trial court erred in finding that the threshold on which Mrs. Sistler tripped constituted an unreasonable risk of harm.
In his reasons for judgment, the trial judge stated, in pertinent part, the following:
Did the elevated face at the entrance of the steakhouse create an unreasonable risk of harm to invitees such as Mrs. Sistler? The Court answers that question in the affirmative. Mr. Case testified that he had no knowledge of other persons slipping and falling at the entrance. This in no way means that other patrons did not slip, but because of youth or agility were able to avoid the fall. Dennis Howard, plaintiff’s expert, agreed that the change in elevation created an unreasonable risk of harm to others, and the Court believes it especially so for infirm older citizens such as Mrs. Sistler. There was no warning of the change in elevation, and the area was not highlighted to make it more visible, both remedies which could have been easily provided without affecting the utility of the entrance and the foyer. To the contrary, use of the same quarry tile in the entrance and the foyer, and the manner in which the tile was laid could easily" give one the sense that no change in elevation existed. Further, the area could have been rendered safe by installing a miniature ramp to remove the flat face of the elevated area. The type change in elevation involved in this case has no utility other than to keep out wind driven rain, and this utility pales in the face of the undue risk of harm it causes to others. Therefore, it is the conclusion of the Court that the Western Sizzlin Steakhouse is strictly liable for the injuries sustained by plaintiffs.
The Court is also of the view that the Western Sizzlin Steakhouse is liable under the theory of negligence, due to its failure to warn patrons of the dangerous condition that existed at the entrance.
The duty of an owner or person in custody of immovable property is set forth in Farr v. Montgomery Ward and Company, Inc., 430 So.2d 1141, 1143 (La.App. 1st Cir.), writ denied, 435 So.2d 429 (La.1983), as follows:
The owner, or person having custody, of immovable property has a duty to keep such property in a reasonable safe *77 condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence.... This duty is the same under the strict liability theory of La.C.C. art. 2317 as under the negligent liability theory of La.C.C. art. 2315_ The difference in proof between these theories of liability is that under La.C.C. art. 2315, it must be shown that the owner, or person in custody, either knew or should have known of the risk, whereas under La.C. C. art. 2317, a claimant is relieved of proving the defendant’s scienter.... Under either theory of liability, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the “custody” of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises (breach of the duty); and (3) that the defect in the property was a cause in fact of the resulting injury. In both negligent and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing_ Under either theory of liability, the court must decide if the risk which causes the injury is within the ambit of protection of the duty. [Citations omitted.]
The trial court’s findings were apparently based on the testimony of the Sistler’s expert witness, Dennis Howard, a safety consultant. He stated that, at the entrance of the Western Sizzlin where Mrs. Sistler fell, there is a vertical change in elevation of more than one inch and, on top of this, is a silver colored threshold. He opined that the change in elevation created an unreasonable risk of harm. He also believed that the silver threshold over the change in elevation is not a warning to people approaching the elevation and is rather “hidden.” He believed that yellow would be a more appropriate color for the threshold. Under cross-examination, however, Mr. Howard stated that the silver threshold is visible to someone approaching the doorway. Mr. Howard further stated that one of the factors in determining whether or not a particular place is safe or unsafe is the number of incidents or similar incidents that may or may not have occurred at that particular place.
The defendant’s expert witness, Murvan Maxwell, an architect and fire protection and building code consultant, testified that the threshold does not constitute an unreasonable risk of harm. He has seen such thresholds used frequently and does not consider them “hidden traps.” He further testified that there is no requirement that a threshold be painted yellow, nor has he ever seen one painted that color. Maxwell testified that thresholds of this type are common, and their configuration is designed to prevent wind-driven rain from entering the building and creating a dangerous condition. The configuration of the sill and threshold were not in violation of the Southern Standard Building Code or the Bogalusa building code.
George Case, the owner and operator of the Western Sizzlin testified that the restaurant opened for business on August 3, 1982. The restaurant services 8,500 to 9,000 patrons per month. Mr. Case testified that he had no knowledge of anyone else tripping or falling since business operations commenced.
Findings of fact by a trial judge (such as whether a thing creates an unreasonable risk) will not be disturbed on appeal unless clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). To determine whether the threshold herein constituted an unreasonable risk of harm, we must consider moral, social and economic values and weigh the risk and gravity of harm against social utility of the thing and the interests of the parties. Entrevia v. Hood, 427 So.2d 1146 (La.1983). After comparing the testimony of Dennis Howard and Murvan Maxwell, and after considering the testimony of George Case and all other facts in the case, we conclude the trial court was manifestly erroneous in finding that the threshold at the entrance of the restaurant constituted *78 an unreasonable risk of harm.[2]
These assignments of error have merit.
FRIVOLOUS APPEAL
The Sistlers argue that they are entitled to an award of damages for frivolous appeal pursuant to La.C.C.P. art. 2164. Because the trial court’s judgment is reversed, the appeal is not frivolous, and damages for frivolous appeal are denied.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered in favor of the defendant, Liberty Mutual Insurance Company, and against plaintiffs, Lola and David Sistler, dismissing the petition with prejudice at plaintiffs’ costs.
REVERSED AND RENDERED.

. Plaintiffs’ petition and brief refer to the restaurant as "Western Sizzler;” however, the correct name is "Western Sizzlin.”

. Defendant also argues that the trial court erred in failing to find Mrs. Sistler comparatively negligent and in awarding excessive damages. Because of our findings on liability, we need not consider these assignments of error.