566 So.2d 129 (1990)
Joseph SOARES
v.
Charlie LEWIS, National Union Fire Insurance Company of Pittsburgh, Keith G. Gervais and State Farm Mutual Automobile Insurance Company.
No. 90-CA-160.
Court of Appeal of Louisiana, Fifth Circuit.
June 25, 1990.
Rehearing Denied September 25, 1990.
*130 Gerald J. Leydecker, René Lovelace, New Orleans, for plaintiff-appellee Joseph Soares.
S. Daniel Meeks, J. Douglas Sunseri, Abbott, Best & Meeks, New Orleans, for defendants-appellants Charles Lewis and Nat. Union Fire Ins. Co. of Pittsburgh.
Bernard S. Dolbear, Law Office of James J. Morse, New Orleans, for intervenor-appellee Travelers Ins. Co.
Before CHEHARDY, KLIEBERT and GAUDIN, JJ.
KLIEBERT, Judge.
Joseph Soares, plaintiff, sued Charles Lewis and his insurer, National Union Fire Insurance Company of Pittsburgh (National Union), and Keith G. Gervais and his insurer, State Farm Automobile Insurance Company (State Farm), for damages sustained in an intersectional collision. Travelers, the compensation carrier for Soares' employer, intervened claiming reimbursement for medical payments and compensation benefits paid to Soares. Mr. Gervais was dismissed after voir dire because he was never served with the lawsuit. State Farm moved for a directed verdict following plaintiff's case-in-chief which was granted, dismissing it from this lawsuit.
In response to interrogatories, the jury found the plaintiff free of negligence, and defendant Charles Lewis and his insurer, National Union, liable for 100% of the damages sustained by plaintiff. It set plaintiff's damages at $41,432.31, computed as follows:

Past Medical Expenses $ 4,832.31
Past Loss of Earnings 27,000.00
Past Physical and Emotional
 Pain and Suffering 9,600.00
 ___________
 TOTAL $ 41,432.31

*131 Pursuant to the jury verdict and a stipulation of all parties contained in the record, the trial court ordered the defendant Lewis and his insurer to pay Travelers $26,362.61 (representing reimbursement for weekly compensation benefits of $21,530.30 and medical expenses of $4,832.31 paid to plaintiff), and to pay the plaintiff $15,070.70 (representing $9,600.00 general damages and $5,470.70 lost wages). For the reasons hereafter stated, we affirm the trial court judgment.
Lewis and National Union perfected this suspensive appeal, raising two major issues: (1) whether the loss of earnings award computed on the basis plaintiff was unable to work from the date of the accident to January 26, 1989 was excessive and, (2) whether the trial judge failed to include interrogatories to the jury as to the negligence of Keith Gervais.
Plaintiff worked as a truck driver/delivery man for Morgan Express, Inc. He had just left his office to begin his rounds and was stopped for a traffic signal at Labarre Road and the river side of Airline Highway (U.S. Highway 61). Plaintiff's two-and-one-half-ton truck was first in line at the light and headed north-bound on Labarre Road. He testified that after stopping, he looked down Airline Highway and saw defendant's truck, also a two-and-one-half-ton truck, coming down the Causeway Boulevard interchange ramp. The truck then veered into the left center lane of Airline Highway[1] as plaintiff looked down to review his route for the day. The next thing he knew, an automobile struck his vehicle while he was still stopped at the light. The automobile which collided with his truck was the Gervais vehicle, a Buick, which had been coming down the interchange ramp following the Lewis truck.
The evidence at trial showed Lewis' truck went well into the right center lane of the Airline Highway and was swinging back into the extreme right lane to enter Labarre road when it collided with the Gervais vehicle. Skid marks indicate Lewis attempted to avoid hitting Gervais' car.
Gervais' vehicle had come down the Causeway interchange and remained in the extreme right lane until it was collided into by the Lewis truck. Lewis turned his truck into the Gervais vehicle, striking it behind the driver's door and pushing it into plaintiff's vehicle.
By trial testimony the jury heard plaintiff received workman's compensation benefits from the date of the accident, December 10, 1986, until January 26, 1989. The amount of medicals and wages paid and the compensation carrier's lien were stipulated and testified to. There is conflicting testimony as to whether plaintiff suffered a herniated disc or a soft tissue injury; however, all doctors felt plaintiff was sincere in his complaints of pain. In November 1987, plaintiff enrolled in a computer school but was forced to drop out one semester due to pain associated with sitting for an extended period. On April 17, 1989, he began working for Bayou Air Freight, a job requiring less lifting than at Morgan Express.
In support of its contention the $27,000.00 award for lost wages was excessive, defendants argue plaintiff's attorney improperly told the jury during closing argument of the worker's compensation intervenor's priority lien on any award for the amounts it paid and that this unduly influenced the jury. Further, he argues the evidence (particularly the medical evidence) showed plaintiff could have returned to work after twenty weeks, hence, his maximum award should have been $6,000.00.
It is well established in our jurisprudence that the fact-finding function of the jury is not lightly regarded. As stated by this court in Swartzlander v. Hunt Laboratory, Inc., 552 So.2d 1339, 1342 (5th Cir. 1989):
The factual findings of the jury, particularly those based upon evaluations of credibility, should not be reversed on appeal *132 unless clearly wrong. Bivalacqua v. Aube, 493 So.2d 209 (5th Cir.1986). Where the testimony of expert witnesses differ, it is largely a matter of fact for the jury to determine the most credible evidence, and the jury's findings will not be overturned unless manifest error appears in the record. Pernia v. Trail, 519 So.2d 231 (5th Cir.1988). The reviewing court must give great weight to the factual conclusions of the trier of fact, and where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Canter v. Koehring, 283 So.2d 716 (La.1973); Nu-Lite Electrical Wholesalers, Inc. v. Deckard & Treadaway Electric Air Conditioning and Refrigeration, 498 So.2d 120 (5th Cir.1986).
The record before us supports the jury determination that plaintiff was in fact injured and continued in pain for at least ninety weeks. Although there were few objective findings by plaintiff's physicians, all felt his complaints of pain were sincere. In fact, plaintiff attempted to return to work on two occasions but could not continue due to pain. He also attempted to obtain additional schooling so that he could find a desk job, but was forced to quit in August of 1988 due to increased back pain.
Dr. Ralph Gessner, plaintiff's treating physician, noted plaintiff had muscle spasms and found he had a small disc herniation at the L5-S1 disc space. There is some indication the disc herniation may have predated the accident. At his last visit in August of 1988, Dr. Gessner felt plaintiff remained partially disabled. The jury also heard testimony, by plaintiff, that he made $300.00 per week.
Likewise, defendants' contention of impropriety by plaintiff's attorney in his closing argument references to the priority lien enjoyed by Morgan's compensation carrier for any benefits paid is without merit. First, we note the issue is not preserved for appeal due to defendants' failure to timely object in the trial court.
Secondly, we find the argument was proper, given the fact the amount paid was stipulated to by all counsel and a representative of the compensation carrier testified without objection. Plaintiff's counsel simply argued the facts that were before the jury.
Therefore, given the record before us and our standard of review, we cannot say the jury award of $27,000.00 for lost wages was error. In fact, there is substantial evidence to support the jury's findings.
Next, defendant alleges the trial court erred in failing to include a space for the negligence of Gervais on the jury interrogatory, in failing to instruct the jury not to consider the priorty effect of the intervention, and in instructing the jury during deliberations of the priority effect of the intervention.
LSA-C.C.P. Article 1812 provides that the court must inform the parties of the special verdict form and instructions it intends to submit to the jury within a reasonable time prior to their argument to the jury. If an issue of fact raised by the pleadings or by the evidence is omitted, the parties waive their objection, unless they raise the issue before the jury retires. Streeter v. Sears, Roebuck and Co., Inc., 533 So.2d 54 (3rd Cir.1988).
The record discloses that counsel for defendants did not make an objection to the trial court's proposed jury form until after the jury retired for deliberation. Thus, by their failure to timely object, counsel for defendants have also waived their right to raise this issue on appeal. Further, the failure of Lewis and his insurer to make Gervais a third party defendant was a contributing cause of their failure to maintain Gervais as a party defendant. Moreover, assuming for the sake of argument that a timely objection was made, our disposition of this issue would be the same because we find no evidence in the record supporting a contention Gervais was negligent in the accident.
The jury heard the testimony of Lewis who stated at all times his truck remained *133 in the far right hand lane and that he came to a complete stop at the light to wait for plaintiff to move. He had no idea how the Gervais vehicle could fit between his vehicle and the concrete curb and that he never saw the Gervais vehicle until impact.
Other evidence, including skidmarks in the right center lane, indicate over one-half of Lewis' truck was in the right center lane, not the far right lane. The skid marks also indicate Gervais was seen prior to impact. Finally, Lewis' bumper hit Gervais' vehicle to the rear of the driver's door. We therefore conclude the sole cause of the accident was Lewis' attempt to make a right hand turn from the right center lane.
The other errors alleged by defendantsthat the trial court erred in failing to instruct the jury not to consider the priority effect of the intervention and, in answer to a question by the jury, the court's instructing the jury of the priority effect of the intervention[2] likewise are not preserved for appeal due to counsel's failure to object in the trial court.
For the foregoing reasons, the judgment of the trial court is affirmed. National Union Fire Insurance Company of Pittsburgh is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] At this point Airline Highway is a four-lane divided highway.
[2] When the jury came out and asked a question, the judge and all counsel went in chambers. Upon their return, the judge made the complained-of explanation (or charge). There is no objection of record.